# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1182


LAUREEN OLSON

VERSUS

LOUISIANA MEDICAL MUTUAL INSURANCE CO., ET AL.


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2013-1850
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


## JIMMIE C. PETERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of Jimmie C. Peters, Billy Howard Ezell, and Shannon J. Gremillion, Judges.


**REVERSED; RENDERED; AND REMANDED.**

**J. Lomax Jordan, Jr.**
**Victor R. A. Ashy**
**1817 West University Avenue**
**Lafayette, LA 70506**
**(337) 233-9984**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Laureen Olson**

**Michael W. Adley**
**Judice and Adley, APLC**
**P. O. Drawer 51769**
**Lafayette, LA 70505-1769**
**(337) 235-2405**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
       **Dr. Paul M. Toce, Jr.**
       **Dr. Paul M. Toce, Jr., APMC**

**James D. "Buddy" Caldwell,**
**Attorney General**
**J. Elliot Baker**
**Irving H. Koch**
**Special Assistant Attorney General**
**321 N. Vermont Street, Suite 208**
**Covington, LA 70433**
**(985) 867-9068**
**COUNSEL FOR APPELLEE:**
       **State of Louisiana**

**Thomas S. Schneidau**
**Milling, Benson, Woodward L.LP.**
**827 West 22nd Avenue**
**Covington, LA 70433**
**(985) 871-3924**
**COUNSEL FOR DEFENDANT/APPELLEE:**
       **Louisiana Medical Mutual Insurance Company**

**PETERS, J.**

The plaintiff, Laureen Olson, appeals from a judgment of the trial court granting an exception of lis pendens in favor of the defendants, Dr. Paul M. Toce, Jr.; the doctor's medical corporation, Dr. Paul M. Toce, Jr., A Professional Medical Corporation; and their liability insurer, Louisiana Medical Mutual Insurance Company (Louisiana Medical).[1] For the following reasons, we reverse the trial court judgment, render judgment rejecting the exception, and remand the matter to the trial court for further proceedings.

## DISCUSSION OF THE RECORD

The April 9, 2013 petition[2] filed by Ms. Olson against the three defendants asserts various causes of action arising from Dr. Toce's long-time treatment of Ms. Olson.[3] In fact, some of the allegations form the basis for a January 2013 medical review panel opinion which found that Dr. Toce breached the applicable standard of care in numerous instances during his treatment of Ms. Olson. In addition to these medical malpractice claims, Ms. Olson asserted negligence claims against Dr. Toce's medical corporation based on the corporation's failure to properly train and supervise its employees, including the doctor himself; respondeat superior liability of the corporation for the actions of its employees; and intentional torts based on

---

[1] At a point later in the litigation, the State of Louisiana filed an intervention based on a claim by Ms. Olson in her pleadings that the Louisiana Medical Malpractice Act is unconstitutional, but that claim is not before us, and the State of Louisiana is not a party at interest in this appeal.

[2] The petition was entitled, "Petition for Damages Resulting from Medical Malpractice and Other Acts of Negligence Not Covered by the Louisiana Medical Malpractice Act, and From Intentional Acts or Other Acts[.]"

[3] The petition alleges that Ms. Olson suffers from bipolar disorder, depression, anxiety, and other illnesses and that she has issues of abandonment, severe self-esteem problems, and has experienced suicidal tendencies.

Dr. Toce's personal relationship with her, including sexual battery. Ms. Olson sought to recover both general and special damages from the three defendants.

The three defendants responded to Ms. Olson's petition by filing a number of exceptions, including the peremptory exception of lis pendens. The basis for the defendants' lis pendens exception was the existence of an earlier suit filed by Ms. Olson against the same defendants, bearing a different docket number and pending in another division of the Fifteenth Judicial District Court.

After a May 28, 2013 hearing on the exception, the trial court initially informed the litigants that the two suits would be consolidated. However, when presented by the defendants with a judgment to that effect, the trial court struck through the judgment[4] and wrote "Denied. New Judgment to be presented." The trial court signed the judgment as modified on June 24, 2013.

The next day, Ms. Olson filed a written objection to the modified judgment, and in doing so, referred to a telephone conference between counsel for both sides of the litigation and the trial court, which she claims occurred on the same day as the trial court's action in executing the modified judgment. The pleading asserts that the trial court instigated the telephone conference and informed both sides in the litigation that the trial judge of the other division did not want the matters consolidated, and, as a consequence, the trial court was rescinding its order of consolidation, sustaining the exception of lis pendens, and dismissing the April 9, 2013 suit. According to the pleading, Ms. Olson's counsel objected to the lack of notice of the telephone conference, requested that a court reporter be summoned to

_____

[4] The proposed judgment stated that the exception of lis pendens would be granted, but only to the extent of transferring the litigation to be consolidated with other pending suit, and would be denied in all other respects. The judgment further provided that the other exceptions filed were deferred to the other division of the court for consideration.

make a record of the proceedings, and objected to the grant of the exception. The trial court denied both objections and the request that the conference be recorded.

On July 18, 2013, the trial court executed a written judgment granting the exception of lis pendens and dismissing Ms. Olson's claims against the defendants. Following a request by Ms. Olson, the trial court issued written reasons on July 26, 2013. On August 2, 2013, Ms. Olson filed notice of her intent to seek a writ of review and/or a supervisory writ to seek review of the trial court judgment by this court. On September 23, 2013, we denied the writ, finding that the trial court's judgment was appealable and that Ms. Olson had an adequate remedy through appeal. *See Olson v. La. Med. Mut. Ins. Co.*, 13-985 (La.App. 3 Cir. 9/23/13) (unpublished writ). Thereafter, Ms. Olson perfected this appeal, asserting in her one assignment of error that the trial court erred in sustaining the exception of lis pendens and in dismissing her suit.

**OPINION**

With regard to the exception of lis pendens, La.Code Civ.P. art. 531 provides:

> When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.

Additionally, La.Code Civ.P. art. 930 states, "On the trial of the declinatory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition, the citation, or return thereon." The evidentiary burden associated with such an

3

exception was explained in *Lexington Insurance Co. v. Tasch, Inc.*, 12-339, pp. 8-9 (La.App. 5 Cir. 11/27/12), 105 So.3d 950, 955, wherein that court stated:

> When a party raises an exception or motion that must be proven, it is that party's burden to present evidence establishing the claims made therein. *See* La. C.C.P. arts. 930, 931, 963. The exceptions to that rule are the peremptory exception of no cause of action and the motion for summary judgment.

> An exception of no cause of action must be tried on the face of the petition alone. La. C.C.P. art. 931; *Ramey v. DeCaire*, 2003-1299, p. 7 (La.3/19/04), 869 So.2d 114, 118.

> A motion for summary judgment is decided on "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." La. C.C.P. art. 966(B). Summary judgment may be granted only if the documents in the record show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. *Id.*

> Other defenses, however, whether raised by exception or motion or in other pleadings, must be proven by evidence introduced at a hearing, where the trial court performs its function of weighing evidence, making credibility determinations, and making factual findings. *Scheuermann v. Cadillac of Metairie, Inc.*, 11-1149, pp. 5-7 (La.App. 5 Cir. 5/31/12), 97 So.3d 423, 427.

> Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. *Denoux v. Vessel Mgmt. Services, Inc.*, 2007-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. *Id.* Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. *Id.*; La. C.C.P. art. 2164.

Without addressing the merits of Ms. Olson's appeal, we note that the defendants introduced no evidence at the May 28, 2013 hearing on their exceptions. While the twenty-one page petition filed by Ms. Olson does refer to the previously filed suit, it references it as having been filed based on claims not covered by the

Louisiana Medical Malpractice Act.[5]  Thus, the grounds for the defendants' lis pendens exception does not appear on the face of the petition.  La.Code Civ.P. art. 930.  Because the grounds for the objection are not obvious from a review of Ms. Olson's petition, the defendants bore the burden of proving, through the submission of testamentary or documentary evidence, why the exception should be granted.  Based on a lack of such evidence, we are left with nothing on which to base a finding as to the correctness of the trial court's judgment.  Accordingly, the trial court judgment granting the exception of lis pendens and dismissing Ms. Olson's claims is reversed, and we render judgment denying the exception of lis pendens.  The matter is remanded to the trial court for further proceedings.

## DISPOSITION

We reverse the trial court judgment granting the declinatory exception of lis pendens and dismissing the claims of Laureen Olson against Dr. Paul M. Toce, Jr., Dr. Paul M. Toce, Jr., A Professional Medical Corporation, and Louisiana Medical Mutual Insurance Company; render judgment denying the exception; and remand the matter to the trial court for further proceedings.  We assess all costs of this appeal to the defendants, Dr. Paul M. Toce, Jr., Dr. Paul M. Toce, Jr., A Professional Medical Corporation, and Louisiana Medical Mutual Insurance Company.

**REVERSED; RENDERED; AND REMANDED.**

---

[5] Ms. Olson references a second suit in her petition, which she states was filed by Dr. Toce for the purpose of conducting discovery and extending the deadline for completion of the medical review panel deliberations.

5