HOLDRIDGE, J.
1 aThis is an appeal from a consent judgment, granting a request for reimbursement for Plaintiffs-Appellees, Landis Construction Company, L.L.C. and The Gray Insurance Company (Plaintiffs), from Defendant-Appellant, Louisiana Workers’ Compensation Second Injury Board *2 (Board). For the following reasons, we vacate the judgment of the trial court and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
On March 7, 2003, James Lassaire, an employee of Landis Construction Company, L.L.C., was injured while in the course and scope of his employment. As a result of this injury, Landis’ workers’ compensation insurance carrier, The Gray Insurance Company, paid workers’ compensation indemnity and medical benefits to Lassaire and on behalf of Landis Construction Company. Plaintiffs sought reimbursement from the Board; however, this request was denied.
Thereafter, the parties entered into a Consent Judgment on January 15, 2009, whereby the Board agreed to reimburse the Plaintiffs 100% of the amount paid to or on behalf of Lassaire. After the Board refused to reimburse the Plaintiffs, they filed a “Petition for Judicial Review of Administrative Decision or, In the Alternative, Petition to Enforce Consent Judgment” on December 26, 2013. Plaintiffs later filed a Motion to Enforce Consent Judgment on May 15, 2014, arguing that the Board must comply with the terms of the Consent Judgment and reimburse the Plaintiffs. At the hearing on the motion, the trial court rendered judgment in favor of the Plaintiffs ordering the Board to reimburse the Plaintiffs in the amount of $28,095.60; however, no evidence was formally introduced and no testimony was presented to the trial court. The hearing consisted entirely of argument by Plaintiffs’ counsel who relied on the exhibits attached to his ^memorandum that were not formally offered into evidence. The judgment was signed April 17, 2015. From this adverse judgment, the Board now appeals.
This Court will not address the assignments of error raised by the Board because this Court finds this judgment must be vacated and the matter remanded for further proceedings since there was no evidence introduced, by either party, in support of or against the Motion to Enforce Consent Judgment. Accordingly, the trial court erred in granting the judgment.
LAW AND ANALYSIS
Upon review of the record in this matter, this Court finds that the Plaintiffs failed to formally admit any evidence at the hearing in support of their Motion to Enforce Consent Judgment. While certain documentary evidence was made part of the record by attaching it to memoranda and was reviewed by the trial judge, this evidence was never introduced at the hearing and was not properly made part of the record.[1] When a party raises a motion that must be proven, it is that party’s burden to present evidence establishing the claims made therein. See La. C.C.P. arts. 930, 931, 963; Scheuermann v. Cadillac of Metairie, Inc., 11-1149 (La.App. 5 Cir. 5/31/12), 97 So.3d 423, 426. Here, Plaintiffs merely attached documents, including the consent judgment, to their memorandum.[2] Evidence not properly and officially offered and introduced cannot be considered, even if it is physically *3 placed in the record. Denoux v. Vessel Mgmt. Services, Inc., 07-2143 (La.5/21/08), 983 So.2d 84, 88. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. Id. Appellate courts are courts of record and may not review evidence that is not in the appellate record, or 14receive new evidence. Id.; Olson v. Louisiana Med. Mut. Ins. Co., 13-1182 (La.App. 3 Cir. 3/5/14), 134 So.3d 1276, 1278, writ denied, 14-1053 (La.10/24/14), 151 So.3d 601; see La. C.C.P. art. 2164.
In summary, the evidence in question was not properly introduced and admitted in the trial court and therefore may not be reviewed by this Court. See Denoux, 983 So.2d at 89. Accordingly, this Court finds that the trial court erred in granting the Consent Judgment because there was no evidence properly before the trial court to support the ruling.
CONCLUSION
Based on a lack of such evidence, the trial court erroneously considered evidence not properly offered and introduced at the hearing on the Plaintiffs’ Motion to Enforce Consent Judgment and relied upon that evidence in rendering the judgment. Accordingly, we vacate the judgment in favor of the Plaintiffs and remand this matter to the trial court for further proceedings. Costs of this appeal in the amount of $790.50 are assessed to Plaintiffs-Appellees, Landis Construction Company, L.L.C. and The Gray Insurance Company.
VACATED AND REMANDED.

. A court may not consider exhibits filed in the record which were not filed into evidence unless it is introduced and is admissible at the trial or hearing. See Tranum v. Hebert, 581 So.2d 1023, 1026-27 (La.App. 1 Cir.), writ denied, 584 So.2d 1169 (La.1991).

. The Plaintiffs’ Motion to Enforce Consent Judgment does mention the attached memorandum; however, the memorandum is not a "written instrument which is an exhibit” to the motion. See La. C.C.P. art. 853.