NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-781

DONALD J. PICKNEY

VERSUS

ANDREW WHITE, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 16-C-1807-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.

MOTION TO STRIKE DENIED.
MOTION FOR SANCTIONS DENIED.
REVERSED AND REMANDED.

Bradford Hyde Felder
Huval, Veazey, Felder & Renegar, L.L.C.
P. O. Box 80948
Lafayette, LA 70598-0948
(337) 234-5350
COUNSEL FOR PLAINTIFF-APPELLANT:
    Donald J. Pickney

David L. Carriere
Law Office of David L. Carriere
322 S. Market St.
Opelousas, LA 70570
(337) 948-6217
COUNSEL FOR DEFENDANTS-APPELLEES:
    Andrew White
    Bernadell White

**PICKETT, Judge.**

Donald J. Pickney appeals a judgment of the trial court sustaining the declinatory exception of lis pendens filed by Andrew and Bernadell White.

## FACTS

Donald is the father of Ethan Pickney, a minor child. Ethan's mother, Chanda White Pickney, is deceased. Since Chanda's death on October 29, 2011, Andrew and Bernadell White, Ethan's maternal grandparents, have had custody of Ethan. On April 27, 2016, Donald filed a Petition for Sole Custody in St. Landry Parish, seeking sole custody of Ethan. Donald specifically alleges in his petition that there "is currently no order in place governing custody of the child." The Whites filed a Declinatory Exception of Lis Pendens, alleging that a proceeding bearing on the custody of Ethan was pending in Rapides Parish.

In fact, three separate actions involving these parties have been filed in Rapides Parish. The district court in Rapides Parish issued an Order of Protective Custody in favor of Bernadell White on January 20, 2012. This order terminated by its own terms on January 20, 2013. Bernadell White, as administratrix of the estate of Chanda and on behalf of Ethan as provisional tutrix, filed a personal injury action against Donald in Rapides Parish in 2012. Finally, an individual named Mary Pickney filed an action against Donald and the Whites seeking visitation with Ethan.

Following mediation in the personal injury suit, Donald and the Whites agreed to divide the assets of Chanda and certain proceeds from life insurance policies. The Agreement to Settle, dated May 9, 2013, also included the following language regarding custody of Ethan:

> The parties agree to jointly choose a professional child counselor/psychologist to mediate the issues of child visitation and custody of Ethan Andrew Pickney, with the best interests of the child as the standard. All current custody hearings are to be referred to the counselor/psychologist and all current orders remain in full force and effect. It is further agreed that after the completion of the 2013 school year, Mary B. Pickney and Dieadra Cains will have custody every other weekend beginning Friday evening at 5:00 pm and ending on Sunday evening at 5:00 p.m. with the condition that Donald Pickney will not be present at his sister's house and will live with another family member during these visitation periods. Any violation of this visitation agreement would be a violation of his bond.

Though the agreement states that this agreement was subject to court approval, it was never submitted to the district court in Rapides Parish for approval. The trial court in Rapides Parish did appoint Dr. John Simoneaux as the psychologist to consider the case when the parties could not agree on a counselor or psychologist.

As a result of a motion filed by the Whites (not in the record), the district court in Rapides Parish issued the following order on March 6, 2014 (in the record):

> IT IS ORDERED that any custody changes be and the same are hereby stayed pending the rule herein;
>
> IT IS FURTHER ORDERED that defendant, Donald J. Pickney, show cause on the 24th day of March, 2014, at 9:30 o'clock a.m., why he should not be ordered to comply with the terms of the settlement agreement reached in this matter in all respects and why, pending the resolution of this motion, that all other proceedings filed or to be filed regarding custody of the minor, Ethan Pickney, be stayed pending resolution of issues raised by this motion.

In March 2016, the Whites filed a motion to consolidate the three actions pending in Rapides Parish. In the March 24, 2016 Rapides Parish district court order setting a hearing on the motion to consolidate, the following language was included:

> IT IS FURTHER ORDERED that custody of Ethan should remain with Andrew and Bernadell White with Donald Pickney having no contact with the child.

At a May 16, 2016 hearing in Rapides Parish, the motion to consolidate was denied because the protective order had expired by its own terms in 2013 and the suit by Mary Pickney seeking visitation had been abandoned. All that remained was the personal injury action, which had been settled following mediation, with outstanding issues regarding the custody of Ethan unresolved.

The district court in St. Landry Parish held a hearing on the exception of lis pendens on June 24, 2016. The trial court sustained the exception and dismissed Donald's Petition for Custody in a judgment dated August 25, 2016. Donald now appeals.

## ASSIGNMENTS OF ERROR

Donald asserts two assignments of error on appeal:

1. The trial court erred when it held that there is a custody suit pending in Rapides Parish, Louisiana.

2. The trial court therefore erred in granting the Whites' exception of lis pendens.

Donald has also filed a motion to strike in this court, asking that this court strike certain references in the Whites' brief and seeking sanctions for violation of La.Code Civ.P. art. 863.

## DISCUSSION

Motion to Strike and for Sanctions

The trial court granted a motion to strike certain portions of the Whites' exception for lis pendens that referred to facts not relevant to the issue before the court. At the hearing on the exception, the Whites agreed that the allegations were not relevant, and the trial court granted the motion to strike. In their brief to this court, the Whites have reiterated the same allegations stricken by the trial court.

Donald filed a Motion to Strike and for Sanctions. We concur that these allegations are not relevant to the judgment appealed and have not considered these allegations in our resolution of this case. Nevertheless, we decline to grant the motion to strike. The Whites' brief either references their original exception of lis pendens or documents proffered in the trial court. These documents form a part of the record on appeal. Furthermore, we lack the authority to award sanctions pursuant to La.Code Civ.P art. 863. The supreme court, in *Hampton v. Greenfield*, 618 So.2d 859, 862 (La.1993)(alterations in original), stated:

> Under La.Code Civ.P. art. 863A, every pleading must be signed by the attorney of record or by the party himself, if the party is unrepresented. A signature constitutes a certification that the attorney or party has read the pleading and, after reasonable inquiry, the attorney or party believes that the pleading is well grounded in fact, legally tenable, and not interposed for any improper purpose. *Id*. art. 863B. A court may find a violation of the certification requirements of this article on its own motion or motion of any party. If the court determines that a violation has occurred, the court "shall" impose appropriate sanctions. *Id*. art. 863D. However, sanctions under article 863D can only be imposed "after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction." *Id*. art. 863E. Only a trial court is capable of holding the required art. 863 hearing where evidence may be presented on the sanctions issue. Therefore, on its face, the ability to impose sanctions under art. 863 is limited to the trial court. Moreover, we believe that the authority to impose art. 863 sanctions is limited to the trial court. The court of appeal's authority to regulate conduct before it is governed by La.Code Civ.P. art. 2164, which provides in pertinent part that "[t]he [appellate] court may award damages for frivolous appeal." By limiting the court of appeal's authority to awarding damages solely for frivolous appeals, art. 2164 places a logical limit on the application of art. 863 to matters before the trial court. Therefore, it was improper for the court of appeal to look beyond the appeal filed in that court. Additionally, it was improper for the court of appeal to award sanctions under La.Code Civ.P. art. 863.

4

Declinatory Exception of Lis Pendens

Louisiana Code of Civil Procedure Article 531 states:

When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.

In order to dismiss a suit pursuant to an exception of lis pendens, three requirements must be satisfied: 1) there must be two or more suits pending; 2) the suits must involve the same transaction or occurrence; and 3) the suits must involve the same parties in the same capacities. *Bandaries v. Cassidy*, 11-1267 (La.App. 3 Cir. 3/17/12), 86 So.3d 125, *writ denied*, 12-780 (La. 5/25/12), 90 So.3d 412. This court has held that a court ruling on an exception of lis pendens should ask whether a final judgment in the first suit filed would constitute res judicata in the suit filed later. *Travcal Prop., LLC v. Logan*, 10-323 (La.App. 3 Cir. 10/6/10), 49 So.3d 466. The parties may introduce evidence in a trial on a declinatory exception of lis pendens pursuant to La.Code Civ.P. art. 930. *Olson v. Louisiana Med. Mut. Ins. Co.*, 13-1182 (La.App. 3 Cir. 3/5/14), 134 So.3d 1276, *writ denied*, 14-1053 (La. 10/24/14), 151 So.3d 601.

The requirement that two suits are pending is not met. The personal injury suit in Rapides Parish is the only suit pending before that court. The record does not include any judgment concluding that proceeding. But, there has been a settlement after mediation of the issues in the personal injury case. There have also been filings to enforce the settlement in Rapides Parish, but those pleadings addressing custody issues fall outside of the scope of the original petition.

The suits also do not involve the same transaction or occurrence. The petition for damages filed in Rapides Parish does not raise custody issues. The custody issues in the Rapides Parish case only surfaced when the settlement agreement was signed.

Furthermore, the suits do not include the same parties. Bernadell White is the plaintiff in the personal injury suit as provisional tutrix of Ethan and as administratrix of the estate of Chanda. Andrew White is not a party to that suit, though he is a party to the settlement agreement.

The exception of lis pendens must be overruled. While it is true that the trial court in Rapides Parish has acted to enforce the agreement between the parties, that does not convert that personal injury case into a custody proceeding.

The Whites claim that the court in Rapides Parish indicated its intent to continue hearing the case when it stated, "So, um, what I'm going to do is the parties that are here today, y'all are excused until further orders of the Court until we have another hearing." This statement does not change the nature of the proceeding pending in Rapides Parish from a personal injury case, though it would indicate that the case is pending. The Whites also claim that the order of the trial court appointing Bernadell as provisional tutrix of Ethan is dispositive. That order of the court may be relevant on the merits of the custody proceeding, but it does not constitute an ongoing action for the purposes of the consideration of the exception of lis pendens.

## CONCLUSION

The motion to strike and for sanctions filed by Donald Pickney are denied. The trial court erred in sustaining the defendants' exception of lis pendens. The judgment of the trial court is reversed. The exception of lis pendens is overruled, and the case is remanded to the trial court for further proceedings. Costs of this appeal are assessed to Andrew and Bernadell White

**MOTION TO STRIKE DENIED.**
**MOTION FOR SANCTIONS DENIED.**
**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.