# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

JOHN W. TEW, II                                          NO. 2020 CW 1307

VERSUS

UNITED SERVICES AUTOMOBILE
ASSOCIATION, TIMOTHY ANDRIES
AND GEICO GENERAL INSURANCE
COMPANY

        CONSOLIDATED WITH

JOHN W. TEW, II

VERSUS

GOAUTO INSURANCE COMPANY AND          **MARCH 15, 2021**
EARL V. HUTTON

---

In Re:    John W. Tew, II, applying for supervisory writs, 19th
          Judicial District Court, Parish of East Baton Rouge,
          No. 656812 c/w 657425.

---

**BEFORE:    McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

**WRIT GRANTED IN PART, DENIED IN PART.** The writ is granted in part, and the portion of the trial court's December 11, 2020 order that granted the motion to compel an examination by a vocational rehabilitation expert filed by United Services Automobile Association (USAA) is reversed. The minute entry reflects that mover, USAA, failed to introduce evidence during the hearing on the motion. When a party raises a motion that must be proven, it is that party's burden to present evidence establishing the claims made therein. Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. See La. Code Civ. P. art. 1464; **Landis Construction Co. v. State**, 2015-1167 (La. App. 1st Cir. 2/29/16), 199 So.3d 1, 2-3. There was no evidence properly admitted upon which the trial court could rely to find that USAA satisfied its burden of proof per La. Code Civ. P. art. 1464. The writ is denied as to the portion of the order granting USAA's motion to compel an additional medical examination by Dr. Robert Everett. It appears the plaintiff has already submitted to the ordered examination, thus, rendering the issue moot. See **In re E.W.**, 2009-1589 (La. App. 1st Cir. 5/7/10), 38 So.3d 1033, 1036-37 (It is well settled that courts will not decide abstract, hypothetical, or moot controversies. When an issue is moot, any judicial pronouncement on the matter would be an impermissible advisory opinion.).

                              **JMM**
                              **GH**
                              **AHP**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
   FOR THE COURT