# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 21-637

**LAUREEN OLSON**

**VERSUS**

**LOUISIANA PATIENT'S COMPENSATION FUND OVERSIGHT BOARD; KENNETH SCHNAUDER; AND KURT LOUP**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20200180
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## VAN H. KYZAR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, Van H. Kyzar, and Candyce G. Perret, Judges.

**REVERSED AND REMANDED.**

J. Lomax Jordan, Jr.
1817 West University Avenue
afayette, LA 70506
(337) 233-9984
COUNSEL FOR PLAINTIFF/APPELLANT:
    Laureen Olson

Stephanie B. Laborde
Benjamin M. Chapman
Milling Benson Woodward, LLP
6421 Perkins Road, Building B, Suite B
Baton Rouge, LA 70808
(225) 291-7300
COUNSEL FOR DEFENDANTS/APPELLEES:
    Louisiana Patient's Compensation Fund Oversight Board
    Kenneth Schnauder
    Kurt Loup

Dennis J. Phayer
Burglass & Tankersley, L.L.C.
5213 Airline Drive
Metairie, LA 70001-5602
(504) 836-2220
COUNSEL FOR DEFENDANTS/APPELLEES:
    Louisiana Patient's Compensation Fund Oversight Board
    Kenneth Schnauder
    Kurt Loup

David A. Woolridge, Jr.
Brent J. Bourgeois
Alexander Sides
4232 Bluebonnet Boulevard
Baton Rouge, LA 70809

(225) 238-1800
COUNSEL FOR DEFENDANTS/APPELLEES:
    Louisiana Patient's Compensation Fund Oversight Board
    Kenneth Schnauder
    Kurt Loup

**KYZAR, Judge.**

The plaintiff, Laureen Olson, appeals from a trial court judgment sustaining exceptions of lack of subject matter jurisdiction and lis pendens in favor of the defendants, Louisiana Patient's Compensation Fund Oversight Board, Ken Schnauder, and Kurt Loup, and dismissing her claims against them. For the following reasons, we reverse and remand.

## DISCUSSION OF THE RECORD

This matter consisted of consolidated medical malpractice and tort suits initially instituted by Ms. Olson against her physician, Dr. Paul Toce, Jr., his professional medical corporation, and their malpractice insurer in the Fifteenth Judicial District Court (15th JDC), which have been before this court on two prior occasions. First, in *Olson v. Louisiana Medical Mutual Insurance Co.*, 13-1182 (La.App. 3 Cir. 3/5/14), 134 So.3d 1276, *writ denied*, 14-1053 (La. 10/24/14), 151 So.3d 601, we reversed the trial court judgment sustaining the defendants' declinatory exception of lis pendens and remanded the matter to the trial court for further proceedings. We, again, considered the matter in *Olson v. Toce*, 17-36 (La.App. 3 Cir. 6/7/17), 222 So.3d 775, wherein we reversed the trial court judgment sustaining the Louisiana Patient's Compensation Fund Oversight Board's (the Board's) dilatory exceptions of ambiguity, vagueness, and prematurity, and rendered judgment in favor of Ms. Olson, approving the settlement agreement between her and the health care providers. The matter was remanded for further proceedings consistent with La.R.S. 40:1231.4(C)(5)(a). As the basic facts leading to the litigation are set forth in our prior opinions, we will not repeat them here.

Prior to this court's June 7, 2017 judgment, Ms. Olson filed suit against the Board in the Nineteenth Judicial District Court (19th JDC), seeking damages based on its:

[W]illful misconduct, the intentional infliction of mental anguish and distress, the frivolous, arbitrary and capricious legal action taken by the Board and the PCF, the abuse of process, the violation of the letter and the spirit of the LMMA,[1] the abuse of right, the breach of fiduciary duties and the violation of the obligations of good faith owed by the Board to them [sic] pursuant to the LMMA[.]"

She alleged that these actions were separate and apart from her medical malpractice claim. Ms. Olson further sought a declaratory judgment:

[E]numerating and delineating [medical malpractice claimants'] rights pursuant to the LMMA, delineating and enumerating the duties and obligations owed by the Board, the PCF, PCF adjusters herein to plaintiffs and to other such similarly situated claimants under the provisions of the [LMMA] and a finding enumerating the appropriate settlement procedures to be followed by claimants, insurers and the PCF pursuant to the provisions of Revised Statutes, Title 40, Chapter 5-D, Subchapter E, Part 1, and by the Louisiana Administrative Code, Title 37, Part III and by the Louisiana Patient's Compensation Fund Strategic Plan, applicable executive orders and polices adopted by the governor, the division of administration, PCFOB and other applicable law or policies having the force of law.

On April 21, 2018, subsequent to our June 7, 2017 judgment, Ms. Olson amended her 19th JDC petition to add her claim for excess damages and future medical expenses against the PCF. Added as defendants were the PCF, and the Board's nine board members (all defendants collectively referred to as "the Board"), and the original health care providers, which were named as nominal defendants. Based on our judgment approving her settlement, Ms. Olson requested a jury trial to determine the amounts owed to her by the PCF up to the $500,000.00 malpractice cap, as well as judicial interest, court costs, litigation expenses, all past medical expenses exceeding $100,000.00, and expenses for future medical care.

Subsequently, on January 10, 2019, Ms. Olson filed a motion to dismiss her consolidated suits against the health care providers and their insurer without prejudice in the 15th JDC. She stated that although she had never filed suit against

---

[1] Louisiana Medical Malpractice Act

2

the Board and the PCF in the 15th JDC, she did "not desire to prosecute simultaneously more than one action against" these parties "arising out of the same occurrence(s), transaction(s) or subject matter." Thus, she sought to dismiss these suits without prejudice, "reserving her rights to prosecute the previously pending case against" the Board and the PCF through her 19th JDC action. A judgment dismissing Ms. Olson's actions in full without prejudice and reserving her rights to proceed with her 19th JDC action was rendered by the trial court on January 17, 2019.

Ms. Olson's remaining suit proceeded in the 19th JDC. On May 6, 2019, following a hearing on an exception of prescription raised by the Board, the trial court sustained the exception. It further sustained, on its own motion, an exception of lack of subject matter jurisdiction, finding that exclusive jurisdiction for Ms. Olson's medical malpractice claims against the Board would lie with the 15th JDC. In its May 17, 2019 written judgment, the trial court stated, "**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiff's claims asserted in her *First Amended Petition for Damages for Breach of Duties and for Excess Damages in Medical Malpractice* be and they are hereby DISMISSED." Ms. Olson appealed this judgment to the first circuit; however, the first circuit dismissed her appeal after determining that it lacked appellate jurisdiction to review the matter as the judgment lacked decretal language identifying which of Ms. Olson's claims were being dismissed. *Olson v. La. Patient's Comp. Fund Oversight Bd.*, 19-1300 (La.App. 1 Cir. 6/26/20), 307 So.3d 1083.

Subsequent to this ruling, the Board filed an exception of no cause of action, which the trial court granted on October 24, 2019. In its judgment, the trial court stated:

3

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Plaintiff's claims asserted in her *First Amended Petition for Damages for Breach of Duties and for Excess Damages in Medical Malpractice* for damages payable from the Patient's Compensation Fund Oversight Board and all individually named Board members, as listed above, sounding in general tort, breach of fiduciary obligations, failure to negotiate and/or settle in good faith, judicial interest, court costs, and litigation expenses, be and they are hereby **DISMISSED.**

Although Ms. Olson appealed this judgment, the first circuit dismissed her appeal because it lacked:

> [E]ither appropriate decretal language dismissing the plaintiff's claims against defendants in their entirety or a La. Code Civ. P. art. 1915(B) designation, the judgment cannot be considered a final judgment for purposes of appeal. Thus, this court lacks appellate jurisdiction to review this matter and we must dismiss this appeal."

*Olson v. La. Patient's Comp. Fund Oversight Bd.*, 21-108, p. 2 (La.App. 1 Cir. 5/27/21) (unpublished opinion).[2]

On May 20, 2019, Ms. Olson, invoking diversity jurisdiction,[3] filed suit in federal court, naming as defendants the PCF, the Board, the nine board members, Kenneth Schnauder, the Board's executive director, and Kurt Loup, the Board's claims manager (collectively referred to as "the Board"). She alleged, in addition to her claim for excess damages and future medical expenses, that the Board "violated [its] duties to her under the MMA by failing to promptly and fairly settle her malpractice claims." *Olson v. Schnauder*, 841 F.App'x 637, 639 (5th Cir. 2020) (per curiam). The Board moved to dismiss her petition based on lack of subject matter jurisdiction, improper venue, failure to state a claim upon which relief can be granted, and failure to join parties. The district court, in adopting the magistrate judge's

---

[2] Subsequent to the Fifth Circuit's judgment dismissing Ms. Olson's federal suit, the Board filed an exception of res judicata in the 19th JDC, which the trial court denied. An appeal from that judgment is currently pending before the first circuit.

[3] This was based on the fact that she was now residing in Tennessee.

4

report,[4] held that Ms. Olson "fails to state a cause of action for which relief can be granted," as she failed to satisfy "the statutory, mandatory procedural requirements of the LMMA." *Olson v. Schnauder*, No. 19-CV-0645, 2020 WL 1312441, at *1 (W.D. La. Mar. 18, 2020). Thus, the district court dismissed her claims with prejudice.

On appeal, the Fifth Circuit affirmed the dismissal, holding that Ms. Olson could not circumvent the procedural requirements of La.R.S. 40:1231.4(C) by litigating her claim against the PCF in federal court. It further affirmed the district court's dismissal of Ms. Olson's bad faith claims against the Board. The Fifth Circuit held that the LMMA imposed no duties on the Board to compensate medical malpractice claimants fairly and promptly. Rather, it stated, La.R.S. 40:1231.4(C)(5) "guarantees the Board 'an adequate opportunity to conduct discovery, identify and retain expert witness, and prepare a defense,' . . . when it does not agree with a claimant regarding its liability." *Olson*, 841 F.App'x at 642.

On January 10, 2020, prior to the rendition of the federal court opinions, Ms. Olson filed the petition in the instant suit in the 15th JDC. Named as defendants in her petition were Mr. Schnauder, Mr. Loup, and the Board (referred to collectively as "the defendants"). The healthcare providers were also named as nominal defendants. Ms. Olson alleged, based on her settlement with the health care providers, that the Board was liable for her past uncompensated medical expenses, future general and compensatory damages, future medical care and related benefits, past court costs and litigation expenses, and judicial interest. She further alleged that in addition to failing to compensate her for her medical malpractice claim, the defendants acted in bad faith and breached their fiduciary duties by failing to

---

[4] *Olson v. Schnauder*, No. CV 6:19-0645, 2020 WL 1081702 (W.D. La. Jan. 29, 2020).

5

evaluate and settle her claim in a fair and prompt manner. She also requested a jury trial.

In response to Ms. Olson's petition, the defendants filed declinatory exceptions of lis pendens, improper venue, and lack of subject matter jurisdiction, dilatory exceptions of prematurity and improper cumulation of actions, and peremptory exceptions of prescription, peremption, res judicata, nonjoinder of parties, and no cause of action, and requested sanctions. Ms. Olson opposed the exceptions. Following a hearing, the trial court sustained the defendants' exception of lis pendens and stayed the proceedings pending the outcome of Ms. Olson's federal court action. Judgment was rendered on this issue on July 15, 2020.

Following the Fifth Circuit's dismissal of Ms. Olson's appeal, the defendants moved to lift the stay and reset their exceptions for hearing. At the conclusion of the hearing on the exceptions, the trial court sustained the defendants' exception of lack of subject matter jurisdiction, finding that Ms. Olson was required to bring her excess damage claims in her original medical malpractice suit. It further sustained the exception of lis pendens as to those claims not dismissed on the grounds of lack of subject matter jurisdiction. Judgment was rendered by the trial court on April 5, 2021. After the trial court denied her motion for new trial, Ms. Olson perfected the appeal at issue.

On appeal, Ms. Olson raises two assignments of error:

1.    The trial court erred in determining that the 15th Judicial District Court for the Parish of Lafayette lack[ed] subject matter jurisdiction over the causes of action set forth in Laureen Olson's petition against defendant [the Board], as administrator of the PCF, KEN SCHNAUDER and KURT LOUP, executive director and claims manger [sic] respectively, as officers of [the Board].

2.    To the extent the judgment signed sustained the exception of lis pendens, the judgment failed to conform to the court's actual ruling on the exception, and failed to conform to the evidence submitted.

6

# OPINION

On appeal, a judgment sustaining a declinatory exception of lack of subject matter jurisdiction presents a question of law, which is reviewed *de novo*. *Williams v. Bestcomp, Inc.*, 15-761 (La.App. 3 Cir. 2/3/16), 185 So.3d 269, *writ denied*, 16-385 (La. 4/15/16), 191 So.3d 1032. Evidence may be introduced at the hearing on the exception when the grounds supporting or controverting the exception do not appear on the face of the petition. La.Code Civ.P. art. 930. In the event that evidence is introduced to support or controvert the exception, the trial court's factual findings are reviewed pursuant to the manifest error standard of review. *Firestone Polymers, LLC v. La. Dep't of Env't Quality*, 19-283 (La.App. 1 Cir. 11/15/19), 291 So.3d 228, *writ denied*, 20-131 (La. 3/9/20), 294 So.3d 482.

> Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled. La.Code Civ. Proc. art. 1. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La.Code Civ. Proc. art. 2. Stated another way, a court has jurisdiction over the subject matter only when the particular action falls within the class of proceedings that the court has been given the authority to hear and decide. Frank L. Maraist, 1 *La. Civil Law Treatise*, "Civil Procedure," § 2:2, p. 6. That authority may come only from the law, because "[t]he jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties." La.Code Civ. Proc. art. 3. Accordingly, a judgment rendered by a court that has no jurisdiction over the subject matter of the action or proceeding is void. *Id.*

*McCann v. McCann*, 11-2434, p. 4 (La. 5/8/12), 93 So.3d 544, 547 (alteration in original).

Pursuant to the LMMA, the total amount recoverable by a medical malpractice claimant, "exclusive of future medical care and related benefits as provided in R.S. 40:1231.3, shall not exceed five hundred thousand dollars plus interest and cost." La.R.S. 40:1231.2(B)(1). Because a qualified health care provider's liability is limited to $100,000.00, any amount due to a claimant up to

7

$400,000.00 is the responsibility of the PCF. La.R.S. 40:1231.2(B). The PCF is also responsible "for all future medical care and related benefits directly or indirectly made necessary by the health care provider's malpractice" without regard to the $500,000.00 cap. La.R.S. 40:1231.3(C), (D).

Louisiana Revised Statutes 40:1231.4(C) sets out the procedure that must be followed when a claimant and health care providers reach a settlement "and claimant is demanding an amount in excess thereof from the patient's compensation fund for a complete and final release[.]" The claimant files a petition requesting approval of the settlement and indicating her intent to seek additional damages from the PCF. La.R.S. 40:1231.4(C)(1). The claimant must serve a copy of the petition on the Board and the health care provider/insurer at least ten days prior to the filing of the petition. La.R.S. 40:1231.4(C)(2). The Board and the insurer may either agree or object to the settlement in writing within twenty days of the filing of the petition. La.R.S. 40:1231.4(C)(3). The trial court is required to hold a hearing on the matter, during which the parties may introduce evidence. La.R.S. 40:1231.4(C)(4).

If, during the hearing, no agreement is reached on the issue of the PCF's liability, the trial court shall set the matter for trial after giving the PCF "an adequate opportunity to conduct discovery, identify and retain expert witnesses, and prepare a defense[.]" La.R.S. 40:1231.4(C)(5)(a). Following the trial on the merits, the trial court shall determine "the amount of claimant's damages, if any, in excess of the amount already paid by the insurer of the health care provider[.]" *Id.* The trial court that renders the final judgment, retains continuing jurisdiction over any claim by the claimant for future medical care. La.R.S. 40:1231.3(E)(1).

The defendants introduced numerous exhibits in support of their exceptions during the June 29, 2020 hearing and the March 1, 2021 rescheduled hearings. These exhibits consisted of all of the petitions, pleadings, and judgments rendered in Ms.

8

Olson's suits filed in the 15th JDC, the 19th JDC, and in federal court, leading up the instant appeal. It is from these exhibits that we laid out the procedural history of this matter.

### *Assignment of Error Number One*

In her first assignment of error, Ms. Olson argues that the trial court erred in determining that it lacked subject matter jurisdiction over her claims against the defendants as set out in her petition. We agree.

At the outset, we note that although Ms. Olson's petition alleges six causes of actions, her claims can be divided into two categories: (1) those claims against the Board relative to damages arising from her medical malpractice claim, and (2) those claims relative to damages arising from the actions of the defendants in the handling of her claim. Thus, we will discuss each category of claims separately.

### *Medical Malpractice Claim*

Ms. Olson seeks damages of up to $400,000.00 from the Board based on the health care providers' admission of liability and payment of $100,000.00. La.R.S. 40:1231.2(B). She further seeks payment of all future medical care and related benefits, without regard to the $500,000.00 cap, starting from the date of her injury and onwards. La.R.S. 40:1231.3(D). Finally, based on the Board's intervention in the previous suit, she seeks all court costs and litigation expenses pursuant to La.R.S. 40:1231.2(B)(2), (3)(a).

In sustaining the Board's exception of lack of subject matter jurisdiction, the trial court rendered the following oral ruling:

> All right. In consideration of the law and evidence and the argument that has been presented to this Court, I hereby find that the petitioner, Ms. Olson, should have litigated the PCF's liability in her original lawsuit that was filed.
>
> I do adopt the holding of the U.S. Fifth Circuit Court as well as the holding in the Horil case and find that the claims for excess medical

9

malpractice damages against the PCF are required by her to have been brought in her original medical malpractice suit that has now been dismissed. And I find that I lack subject-matter jurisdiction.

In reaching this decision, the trial court relied on the Fifth Circuit's opinion in *Olson*, 841 F.App'x 637, and the supreme court's opinion in *Horil v. Scheinhorn*, 95-967 (La. 11/27/95), 663 So.2d 697. In *Olson*, 841 F.App'x at 640 (fourth, fifth, and six alterations ours), the Fifth Circuit held:

> After settling, a plaintiff who wishes to seek excess damages from the PCF must petition "the court in which [her] action is pending against the health care provider, if none is pending in the parish where plaintiff or defendant is domiciled, . . . [to] demand[ ] payment of damages from the . . . fund." LA. STAT. ANN. 40:1231.4(C)(1). The plaintiff may then litigate against the PCF according to a bevy of enumerated rules, which "must be followed" to recover excess damages. *See id.* at 40:1231.4(C).
>
> We first conclude, as did the district court, that Olson's action against the PCF failed to follow this framework. According to the MMA's rules, she was required to litigate the PCF's liability in her original lawsuit, with the PCF as an intervenor. *See Williams [v. Kushner]*, 449 So. 2d [455,] 457 [(La.1984)]. Instead, Olson dismissed that suit and filed a new one, in federal court, directly against the PCF, in the absence of the original defendants. By doing so, Olson circumvented Louisiana's requirements for proceeding against the PCF. After settling with LAMMICO, Olson was required to seek "an amount in excess thereof from the [PCF] for a complete and final release," LA. STAT. ANN. 40:1231.4(C), a proceeding statutorily mandated to occur in the Louisiana trial court where she had originally sued. She did not do so. Under Louisiana law, then, Olson's failure to follow the MMA's rules warrants dismissal of her claim. *See Horil v. Scheinhorn*, 95-0967, p. 6 (La. 11/27/95), 663 So. 2d 697, 700 ("In instances where the claimant expects to ultimately recover from the Fund despite his settlement of the provider's liability, [LA. STAT. ANN. 40:1231.4(C)] mandates the procedure that the claimant must closely follow."); *see also Howard v. Mamou Health Res.*, 2012-820, p. 5-6 (La. App. 3 Cir. 3/6/13), 129 So. 3d 72, 75, *writ denied*, 2013-0614 (La. 4/19/13), 112 So. 3d 227 (describing 40:1231.4(C)(1) as mandatory for claims against the PCF).

In *Horil*, the plaintiff, after settling his claims with the health care providers, waited approximately seven years before attempting to seek excess damages from the PCF. The trial court sustained the PCF's exception of no cause of action, which the appellate court reversed. The supreme court reinstated the trial court's judgment,

10

finding that when "a health care provider agrees to settle its entire statutory liability and the claimant intends to pursue additional sums from the Fund, La.R.S. 40:1299.44(C) articulates the requisite procedure." *Id.* at 699-700 (footnote omitted). The supreme court stated:

> While it is true that the claimant and the health care provider (or his insurer) will normally agree on the terms of the compromise prior to the Fund's involvement, when the settlement is submitted to the court for approval, the Fund *must* at that time be afforded notice and the opportunity to participate, if the claimant expects to seek excess sums. Here, despite, in October 1985, expressly reserving his right to proceed against the Fund specifically under portions of La.R.S. 40:1299.44(C), Horil's glaring noncompliance with the procedures enunciated within that subsection precludes the instant claim. Thus, because the amended petition fails to disclose that a cause of action now exists against the Fund, the trial court correctly granted relator's exception. See *Everything on Wheels Subaru, Inc. v. Subaru South*, 616 So.2d 1234 (La.1993).
>
> . . . .
>
> According to the provisions of La.R.S. 40:1299.44(C), when a plaintiff seeks court approval of his settlement with a health care provider, he must, at that time, assert any excess demands against the Patient's Compensation Fund.

*Id.* at 701-02 (footnote omitted).

In this instance, we find that Ms. Olson did follow the procedure set out in La.R.S. 40:1231.4(C) in her original suit (Docket No. 2011-0898). A copy of her petition seeking approval of the settlement was served on the health care providers on September 9, 2016, and on the Board on September 13, 2016. The petition was then filed with the trial court on September 26, 2016, more than ten days after notice was received by the Board, and the matter was set for hearing on October 14, 2016. On September 27, 2016, the health care provider's insurer answered the petition, and on October 17, 2016, the Board filed written objections to the settlement. On October 20, 2016, the Board filed an amended peremptory exception of no cause of

11

action, dilatory exception of vagueness and ambiguity, answer, and objections to Ms. Olson's petition.

Following a November 14, 2016 hearing, the trial court sustained the Board's exception of prematurity. In its November 29, 2016 written judgment, the trial court held "that it would be premature for this Court to approve Plaintiff's settlement with the underlying providers because the settlement clearly includes settlement of claims involving sexual misconduct, which are not covered by the Louisiana MMA." Ms. Olson filed a writ application with this court, seeking reversal of the trial court's judgment. Upon review, this court reversed the judgment of the trial court and rendered judgment approving the settlement between Ms. Olson and the health care providers. The matter was then remanded to the trial court for further proceedings. *Olson*, 222 So.3d 775.

Based on the foregoing, Ms. Olson complied with the procedure set out in La.R.S. 40:1231.4(C)(1)-(4), and her settlement establishing the liability of the health care providers for $100,000.00 was approved. Although she dismissed her claim before a judgment was reached regarding the Board's excess liability and her need for future medical care, we find that she is not precluded from litigating these issues in the instant suit as her prior suit was dismissed without prejudice.

"A judgment of dismissal with or without prejudice shall be rendered and the effects thereof shall be regulated in accordance with the provisions of Articles 1671 through 1673."[5] La.Code Civ.P. art. 1844. A voluntary dismissal shall be granted if requested prior to an appearance of record by the defendant, as long as all costs are paid. La.Code Civ.P. art. 1671. However, after the defendant has made an appearance, it is within the trial court's discretion to grant a voluntary dismissal

---

[5] Louisiana Code of Civil Procedure Article 1672 pertains to involuntary dismissals.

12

without prejudice. *Id.*; *Kennison v. BLR Constr. Cos., L.L.C.*, 07-743 (La.App. 3 Cir. 12/5/07), 971 So.2d 1232. "A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action." La.Code Civ.P. art. 1673.

Although the trial court held that Ms. Olson was required to litigate her claim for excess damages against the Board in her original medical malpractice suit, we find this ruling to be based on a too strict reading of La.R.S. 40:1231.4(C). It is well settled that a claimant seeking excess funds from the Board must utilize the procedure set out in La.R.S. 40:1231.4(C). However, while the statute broadly lays out the procedure that a claimant must follow in order to gain approval of a settlement and demand excess damages, it provides no guidance for the specific situation where a claimant institutes a suit based on the same cause of action after their original suit was dismissed without prejudice.

"It is a fundamental rule of statutory construction that when two statutes deal with the same subject matter, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character." *State v. Campbell*, 03-3035, p. 8 (La. 7/6/04), 877 So.2d 112, 118. In this instance, although La.R.S. 40:1231.4(C)'s specific procedure prevails over the general rules of procedure, we find no conflict between those rules and the effect that a voluntary dismissal without prejudice would have on the institution of another suit on the same cause of action. La.Code Civ.P. art. 1673. Ms. Olson complied with La.R.S. 40:1231.4(C)'s procedure, as evidenced by this court's approval of her settlement with the health care providers. Moreover, there is no dispute that the 15th JDC has subject matter jurisdiction over this matter as the medical malpractice occurred in Lafayette Parish. Accordingly, we find that Ms. Olson was not barred

13

by La.R.S. 40:1231.4(C) from instituting the suit at issue after her prior suit was dismissed without prejudice. The judgment of the trial court sustaining the defendants' exception of lack of subject matter jurisdiction as it pertains to her medical malpractice claim is reversed, and the matter is remanded to the trial court for further proceedings.

## *Bad Faith and Administrative Claims*

We further find that the trial court erred in sustaining the defendants' exception of lack of subject matter jurisdiction as to this class of claims. District courts have original jurisdiction over all civil matters. La.Const. art. 5, § 16(A)(1). Accordingly, we find that the trial court has jurisdiction over Ms. Olson's non-medical malpractice claims against the defendants.

In sustaining the defendants' exception of lack of subject matter jurisdiction, the trial court held:

> The court finds that the granting of said Exception renders several of the other pending Exceptions moot. The court further finds that any and all claims brought by Plaintiff in this proceeding involve the same transaction or occurrence between the same parties in the same capacities as the matter currently pending before the Louisiana First Circuit Court of Appeal, Docket No. 2021-CA-0108. Therefore, any claims not subject to dismissal on the grounds of lack of subject matter jurisdiction, if any, are subject to dismissal on the grounds of *lis pendens*. Accordingly, the Declinatory Exception of *Lis Pendens* is also SUSTAINED, thereby dismissing the entirety of this matter.

However, we find that once the trial court determined that it lacked subject matter jurisdiction and dismissed all of Ms. Olson's claims, no claims were pending over which the trial court could consider the defendants' exception of lis pendens. Accordingly, the judgment of the trial court sustaining the declinatory exceptions of lack of subject matter jurisdiction and lis pendens is reversed, and the matter is remanded to the trial court for consideration of the defendants' remaining exceptions. Based on this finding, we need not address Ms. Olson's second assignment of error.

14

## DECREE

Based on the foregoing, the judgment of the trial court is reversed, and the matter is remanded for further proceedings. The costs of this appeal are assessed to the Louisiana Patient's Compensation Fund Oversight Board, Ken Schnauder, and Kurt Loup in the amount of $3,163.84. La.R.S. 13:5112(A).

**REVERSED AND REMANDED.**