# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

JOYCE LEE

VERSUS

ANWAR, INC., SAVE MORE
MARKET, XYZ INSURANCE
COMPANY, AND NAUTILUS
INSURANCE COMPANY

NO.  2024 CW 0882

NOVEMBER 25, 2024

---

In Re:    Anwar, Inc. and Nautilus Insurance Company, applying for
supervisory writs, 19th Judicial District Court, Parish
of East Baton Rouge, No. 720165.

---

**BEFORE:    THERIOT, CHUTZ, HESTER, GREENE, AND STROMBERG, JJ.**

**WRIT GRANTED.** The portion of the district court's August 15, 2024 judgment granting Plaintiff's "Motion for Spoliation of Evidence" is reversed. The burden of proof on a motion seeking an adverse inference due to spoliation is on the moving party to demonstrate evidence was intentionally destroyed to deprive the moving party from its use and/or to its access. See **Cushenberry v. Scott**, 2020-1271 (La. App. 1st Cir. 12/30/20), 2020 WL 7828810 (unpublished); see also **Landis Const. Co., L.L.C. v. State**, 2015-1167 (La. App. 1st Cir. 2/29/16), 199 So.3d 1, 2. Plaintiff did not introduce any evidence at the hearing on her motion. Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Moreover, as recognized in the jurisprudence, documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. **Regions Bank v. Eymard**, 2021-0926 (La. App. 1st Cir. 5/23/22), 342 So.3d 908, 916, writ denied, 2022-00977 (La. 10/18/22), 348 So.3d 731. Plaintiff did not carry her burden of proof and therefore the district court's ruling granting Plaintiff's motion was an abuse of its discretion. Accordingly, Plaintiff's "Motion for Spoliation of Evidence" is denied.

MRT
WRC
HG
TPS

Hester, J., dissents and would deny the writ.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT