CRAIN, J.
12Johnelle B. St. Cyr appeals a judgment that sustained an exception of no right of action urged by her ex-husband, and dismissed her claim for child support. Mark W. St. Cyr has answered the appeal seeking frivolous appeal damages. We reverse the judgment and deny the answer to the appeal.
FACTS
Johnelle and Mark divorced in 2006. They were awarded joint custody of their three-year-old son, and Mark was ordered to pay $525.00 per month in child support. Less than a year later, Mark and Johnelle stipulated that pursuant to an act of surrender executed by Mark, Mark would receive no visitation with his child and would pay no child support. A judgment reflecting those stipulations was signed on July 16, 2007.
*285 In 2015, Johnelle filed a rule to set child support alleging that she and the child were in necessitous circumstances. On the date set for the hearing, Mark filed an exception of no right of action asserting that the 2007 judgment barred Johnelle’s claim for child support. Johnelle countered that the 2007 judgment relieving Mark of any child support obligation was absolutely null. The trial court sustained the exception and dismissed Johnelle’s claim.
DISCUSSION
The function of an exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted. Eagle Pipe and Supply, Inc. v. Amerada Hess Corporation, 10-2267 (La. 10/25/11), 79 So.3d 246, 255. The exception assumes that the cause of action asserted is valid and tests whether the plaintiff has an interest in judicially enforcing it. The question is simply whether the plaintiff has a right to sue the defendant to enforce the claim. JP Morgan Chase Bank, N.A. v. Boohaker, 14-0594 (La.App. 1 Cir. 11/20/14), 168 So.3d 421, 426.
IsThe party raising the exception of no right of action bears the burden of proof. Evidence supporting or controverting an exception of no right of action is admissible; however, in the absence of evidence to the contrary, the averments of fact in the pleadings will be taken as true. JP Morgan Chase Bank, N.A., 168 So.3d at 426. Whether a plaintiff has a right of action is a question of law and is reviewed de novo on appeal. Eagle Pipe and Supply, Inc., 79 So.3d at 256.
In support of his exception of no right of action, Mark offered as evidence the 2007 judgment, which relieves him of any child support obligation, and the act of surrender, which purports to terminate all of his parental rights. In opposition, Johnelle argued that both the 2007 judgment and the act of surrender are absolutely null.
Johnelle contends that the provision in the stipulated judgment that permanently relieves Mark of his child support obligation contravenes the laws of this state, rendering the judgment absolutely null. A stipulated judgment is a bilateral contract and may be absolutely null if it contains a provision that is contra bonos mores (against public policy). See La. Civ. Code arts. 2030 and 3082; In re Matter of J.E.T., 16-0384 (La.App. 1 Cir. 10/31/16), 211 So.3d 575, 581, 2016 WL 6427701. While parents may mutually agree to modify a child support judgment, to be enforceable such an agreement must be in the child’s best interest and must not interrupt the child’s maintenance and upbringing. Macaluso v. Macaluso, 509 So.2d 201, 202 (La. App. 1 Cir. 1987). The public policy behind a parent’s duty of support is to ensure, both for the sake of the child and the sake of the general public that might otherwise have to provide his support, that each child receives support sufficient for his maintenance and upbringing. Macaluso, 509 So.2d at 202.
A parent’s legal duty to provide support to his minor children cannot be permanently renounced or suspended. Dubroc v. Dubroc, 388 So.2d 377, 480 (La. 1980); Johnson v. Johnson, 14-0564 (La. App. 1 Cir. 12/23/14), 168 So.3d 641, 645. A judgment that permanently relieves a parent of his obligation to support his minor children contravenes the public policy of the state of Louisiana and is absolutely null. Cf. Walder v. Walder, 159 La. 231, 236, 105 So. 300, 302 (1925); Hebert v. Hebert, 96-2155 (La.App. 1 Cir. 9/19/97), 700 So.2d 958, 960-61; Macaluso, 509 So.2d at 202-03.
*286 In M.P.W. v. L.P.W., 13-0366 (La.App. 1 Cir. 11/1/13), 136 So.3d 37, this court considered the validity of a stipulated judgment that appeared to permanently relieve a father of his child support obligation. The stipulation was made in conjunction with another agreement requiring the father to promptly execute an act of surrender of his parental rights so as to free his children for adoption. This court determined that the agreement did not violate public policy, reasoning that the execution of the act of surrender, coupled with the actual adoption of the child, effectively terminated the parental rights and obligations of the surrendering parent, including the surrendering parent’s obligation to support the child, with the adopting parent becoming the parent of the child for all purposes. M.P.W., 136 So.3d at 48 (citing La. Civ. Code arts. 199 and 227; and La. Ch. Code arts. 1101, 1123, and 1193).
In contrast to the facts established in M.P.W., the record in the case sub judice contains no evidence that the child has actually been adopted. We interpret M.P.W. to require that the act of surrender and permanent waiver of the child support obligation be coupled with an actual adoption, which legally transfers the obligation to support the child to the adoptive parent. Otherwise, the permanent waiver of the child support obligation is absolutely null.
As the party raising the exception, it was Mark’s burden of proving that Joh-nelle has no right of action to proceed with her child support claim. JP Morgan Chase Bank, N.A., 168 So. 3d at 426. The 2007 judgment and act of surrender, without any evidence of an actual adoption, is insufficient to sustain that burden.[1]
CONCLUSION
The trial court’s judgment sustaining the exception of no right of action and dismissing Johnelle’s claim for child support is reversed and this matter is remanded for further proceedings. The answer to the appeal seeking frivolous appeal damages is denied. All costs of this appeal are assessed to Mark W. St. Cyr.
REVERSED AND REMANDED; ANSWER TO APPEAL DENIED.
Welch, J., concurs and assign reasons.
Holdridge, J., concurs.

. Our decision is limited to the determination that on the record before us, Mark has failed to sustain his burden of proof on the exception. We do not make any final determination regarding the validity of the 2007 judgment as the record on appeal does not contain evidence as to whether the child has been adopted. The attorneys have made representations regarding that fact; however, arguments and assertions made in appellate briefs are not part of the record on appeal and are not evidence. Tessier v. Pratt, 08-1268 (La.App. 1 Cir. 2/13/09), 7 So.3d 768, 774 n.2. The parties have represented that after this appeal was taken, Johnelle filed pleadings seeking to have the 2007 judgment declared absolutely null and that the trial court is holding its decision in abeyance pending our decision on appeal. Thus, the 2007 judgment's validity can be determined on remand.