NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1674

CARL FOSTER

VERSUS

RONALD BIAS

Judgment rendered: **SEP 2 8 2021**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C673298, Sec. 27

The Honorable Trudy M. White, Judge Presiding

* * * * *

| | |
|---|---|
| John B. Wells<br>Slidell, Louisiana | Attorney for Plaintiff/Appellant<br>Carl Foster |
| Paul F. Bell<br>Baton Rouge, Louisiana | Attorney for Defendant/Appellee<br>Ronald Bias |

* * * * *

BEFORE: McCLENDON, WELCH, HOLDRIDGE, CHUTZ, AND PENZATO JJ.

**HOLDRIDGE, J.**

The plaintiff, Carl Foster, appeals a judgment of the trial court sustaining a peremptory exception raising the objection of no right of action, denying a peremptory exception raising the objection of prescription, and dismissing the plaintiff's claim against the defendant, Ronald Bias, with prejudice. For the following reasons, we affirm in part, reverse in part, and remand to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

This case arises from over a decade of legal disputes between the parties who were both employed at Amite High School in Tangipahoa Parish as Junior Reserve Officer Training Corps[1] (JROTC) instructors for the United States Marine Corps and United States Navy.[2] In December 1999, the plaintiff was certified as a Marine Corps JROTC instructor and hired as an instructor at Amite High School. In 2008, the defendant was hired as the Senior Marine instructor for the JROTC program at Amite High School. As the senior instructor, the defendant supervised the plaintiff. In May 2008, the defendant filed for Chapter 13 bankruptcy in the Eastern District of Virginia.

In September 2009, the defendant allegedly became aware that the plaintiff planned to request that the Marine Corps reimburse him for non-JROTC activities, including an out-of-state trip by the school's cross-country team. The defendant notified Amite High School and the Marine Corps of the plaintiff's intentions. The defendant reported an additional alleged misappropriation in April 2010, which involved reimbursement for non-JROTC related concession stand supplies.

---

[1] The Junior Reserve Officers' Training Corps is a military service program in high schools throughout the nation, sponsored by the Armed Forces. See 10 U.S.C. § 2031. In the United States Navy, the program is known as the NJROTC, and in the Marine Corps the program is known as the MCJROTC. Foster v. Mabus, 895 F.Supp.2d 135, 138 (D.D.C. 2012).

[2] The Marine Corps is a subsidiary of the Department of the Navy.

Thereafter, the plaintiff allegedly harassed the defendant and campaigned to have him transferred to another school in retaliation for the defendant reporting his alleged attempt to defraud the Marine Corps.

In July 2010, the Marine Corps decertified the plaintiff as a JROTC instructor and his employment was terminated from Amite High School. The following month, the Navy decertified the plaintiff as well.[3] In September 2012, during the pendency of his bankruptcy proceeding, the defendant filed suit under the False Claims Act (FCA), 31 U.S.C. 3729 *et seq.*,[4] in the Eastern District of Louisiana against the plaintiff, the principal of Amite High School, and the Tangipahoa Parish School Board regarding the plaintiff's attempted fraud and retaliation.[5] See U.S. ex rel. Bias v. Tangipahoa Parish School Board, 2012-2202, 2014 WL 1512001, at *5 (E.D. La. Mar. 26, 2014). In his bankruptcy proceeding, the defendant did not disclose his pending FCA suit to the trustee as required by the Bankruptcy Code. On July 18, 2013, the defendant's bankruptcy was discharged. In 2014, the defendant's FCA claim against the plaintiff was dismissed by the Eastern District of Louisiana, and the dismissal was affirmed by the United States Court of Appeals for the 5th Circuit.

---

[3] In November 2011, the plaintiff filed suit against the United States Navy in the United States District Court for the District of Columbia requesting that he be recertified as a JROTC instructor. See Foster, 895 F.Supp.2d at 138. On September 29, 2012, the district court ruled in favor of the plaintiff, vacating the decision to decertify the plaintiff as a JROTC instructor, and remanded the case to the Marine Corps and Navy for reconsideration of the plaintiff's continued certification as a JROTC instructor. On December 20, 2013, the Navy recertified the plaintiff as a JROTC instructor. However, the Marine Corps refused to recertify the plaintiff. See Foster v. Mabus, 103 F.Supp.3d 95, 113 (D.D.C. 2015) (wherein the district court vacated the Marine Corps' decision to deny the plaintiff's recertification request and ordered a reconsideration of its decision.). On June 22, 2015, the plaintiff and the Secretary of the Navy and the Commanding General Training and Education Command filed a "Stipulation of Settlement and Dismissal" in the United States District Court for the District of Columbia by which the plaintiff was certified as a Marine JROTC instructor.

[4] The FCA, codified at 31 U.S.C. §§ 3729-3733, imposes liability on individuals and entities who defraud government programs. A claim under the FCA can be instituted by the United States or by a private individual (*i.e.*, a relator) via a *qui tam* action. See 31 U.S.C. § 3730(a)-(b). The government may intervene in a *qui tam* action. Id. § 3730(b)(2). If a *qui tam* action is successful, the relators are entitled to share with the government in the award. Id. § 3730(d).

[5] The defendant amended his FCA claim against the plaintiff to include a violation of 42 U.S.C. § 1983 and the Free Speech Clause of the First Amendment of the United States Constitution.

3

See U.S. ex rel. Bias v. Tangipahoa Parish School Board, 816 F.3d 315, 328 (5th Cir. 2016). On September 13, 2017, the defendant's remaining claim against the Tangipahoa School Board in his federal suit in the Eastern District of Louisiana was dismissed on a finding of judicial estoppel in United States, ex. rel. Ronald Bias v. Tangipahoa Parish School Board, 2012-2202, 2017 WL 4049596, at *1 (E.D. La. Sept. 13, 2017).

On August 30, 2018, the plaintiff filed a petition for damages against the defendant alleging that "[o]n September 13, 2017[,] counsel for [the] plaintiff was notified that the federal court suit, [which] was the source of this lawsuit[,] was dismissed on a finding of judicial estoppel." The plaintiff argued that "[u]nder the judicial estoppel theory, [the defendant's] unethical and fraudulent actions g[a]ve rise to a cause of action for abuse of process." The plaintiff further argued that "[the defendant] withheld knowledge of the [b]ankruptcy for an ulterior purpose ... . [The defendant] acted w[ill]fully in the use of the process not proper while engag[ing] in the regular prosecution of the proceeding." Therefore, the plaintiff requested damages from the defendant in excess of $50,000.00 for his humiliation, distress, worry, mental anguish, and loss of income. The defendant answered the petition and pled several exceptions, including, but not limited to: (1) no cause of action; (2) prescription; (3) no right of action; and (4) prematurity.

On March 18, 2019, the defendant filed a peremptory exception raising the objections of no right of action and prescription. In support of the peremptory exception raising the objection of no right of action, the defendant attached as an exhibit the "STIPULATION OF SETTLEMENT AND DISMISSAL" (stipulation) that was filed in the United States District Court for the District of Columbia. The stipulation was between the plaintiff and Ray Mabus, the Secretary of the Department of the Navy. The defendant argued that he was a third-party beneficiary to the stipulation that the plaintiff signed with the United States Navy, despite not

4

being a party to the suit, because it barred the plaintiff "from suing former Marine Corp[s] employees regarding claims that arose from events complained of or related to events complained of in his Navy lawsuit." Therefore, the defendant argued that the plaintiff did not have a right to sue him in this case because the stipulation barred the plaintiff from asserting a claim against former employees of the Marine Corps, such as the defendant, regarding events complained of in the plaintiff's previous federal suit, *i.e.*, Foster, 103 F.Supp.3d 95.

The trial court held a hearing on the defendant's exceptions on July 1, 2019. The minutes of the court reflected that "[a]rgument was [made], documentary evidence was offered[.]" However, the record did not contain the transcript of the July 1, 2019 hearing. On July 8, 2019, the trial court signed a judgment, denying the defendant's peremptory exception raising the objection of prescription, granting the peremptory exception raising the objection of no right of action, and dismissing the plaintiff's claim with prejudice. Subsequently, the plaintiff devolutively appealed and assigned as error that the trial court erred in granting the defendant's peremptory exception raising the objection of no right of action.

The defendant answered the appeal, arguing that the trial court erred in failing to find that the plaintiff's claim had prescribed and that he had no cause of action. The defendant requested an additional award of attorney fees.

On appeal, this Court remanded the case to the trial court with instructions to supplement the record with the July 1, 2019 hearing transcript. See Foster v. Bias, 2019-1674 (La. App. 1 Cir. 4/29/21), 2021 WL 1686435 (unpublished).

**DISCUSSION**

**Peremptory Exception Raising the Objection of No Right of Action**

In his sole assignment of error, the plaintiff argues that the trial court erred in granting the defendant's peremptory exception raising the objection of no right of action. The function of an objection of no right of action is to determine whether

5

the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted. Eagle Pipe and Supply, Inc. v. Amerada Hess Corporation, 2010-2267, 2010-2272, 2010-2275, 2010-2279, 2010-2289 (La. 10/25/11), 79 So.3d 246, 255. The objection assumes that the cause of action asserted is valid and tests whether the plaintiff has an interest in judicially enforcing it. The question is simply whether the plaintiff has a right to sue the defendant to enforce the claim. St. Cyr v. St. Cyr, 2016-0896 (La. App. 1 Cir. 2/21/17), 215 So.3d 283, 285, writ denied, 2017-0511 (La. 3/31/17), 217 So.3d 357.

The party raising the objection of no right of action bears the burden of proof. St. Cyr, 215 So.3d at 285. At the hearing, the exception may be submitted on the pleadings, or evidence may be introduced either in support of or to controvert the objection raised when the grounds thereof do not appear from the petition. La. C.C.P. art. 931; Eagle Pipe and Supply, Inc., 79 So.3d at 255; Grubbs v. Haven Custom Furnishings, LLC, 2018-710, 2018-711 (La. App. 5 Cir. 5/29/19), 274 So.3d 844, 850. The standard of appellate review for the peremptory exception raising the objection of no right of action is *de novo*. St. Cyr, 215 So.3d at 285. "An appellate court considering an exception of no right of action should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person." Rebel Distributors Corp., Inc. v. LUBA Workers' Comp., 2013-0749 (La. 10/15/13), 144 So.3d 825, 833.

In the instant matter, the July 1, 2019 transcript reveals that neither party introduced any evidence into the record at the hearing on the exception of no right of action to support or controvert their claims. Specifically, the defendant failed to offer into evidence at the hearing a certified copy of the stipulation between the plaintiff and the United States Navy that was filed in the United States District Court for the District of Columbia to support his peremptory exception raising the

6

objection of no right of action. Although certain documentary evidence was attached to the defendant's peremptory exception raising the objections of no right of action and prescription, and was reviewed by the trial court, this Court cannot consider such evidence on appeal, even if physically placed in the record, because it was not formally admitted into evidence. See Landis Const. Co., L.L.C. v. State, 2015-1167 (La. App. 1 Cir. 2/29/16), 199 So.3d 1, 2-3; Satterthwaite v. Byais, 2005-0010 (La. App. 1 Cir. 7/26/06), 943 So.2d 390, 395 ("A court cannot consider exhibits filed into the record as attachments to a memorandum, because such attachments are not evidence … . [S]ince such attachments are not evidence, they are not properly part of the record on appeal".) Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. Denoux v. Vessel Mgmt. Services, Inc., 2007-2143 (La. 5/21/08), 983 So.2d 84, 88. There is also no provision in the law for this Court to take judicial notice of a suit record from another court. Union Planters Bank v. Commercial Capital Holding Corp., 2004-0871 (La. App. 1 Cir. 3/24/05), 907 So.2d 129, 130. Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. Denoux, 983 So.2d at 88; see also La. C.C.P. art. 2164.[6]

Upon *de novo* review, we find that this Court is not authorized by law to consider the defendant's attachments to his memorandum in support of his peremptory exception raising the objection of no right of action, and because the record before us contains no evidence submitted by either party to support or controvert the objection of no right of action from the July 1, 2019 hearing, we find that the defendant failed to meet his burden of proof in this matter. See Williams v. Genuine Parts Co., 2014-0857 (La. App. 1 Cir. 1/8/15), 2015 WL 127974, at *4 (unpublished). Presuming that the plaintiff's petition states a valid cause of action,

---

[6] Louisiana Code of Civil Procedure article 2164 provides, in pertinent part: "[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal."

7

there is no evidence in the appellate record for this Court to find that the plaintiff is not a proper plaintiff or is barred from bringing the action. Therefore, we find that the trial court erred in granting the defendant's peremptory exception raising the objection of no right of action.[7]

**Peremptory Exception Raising the Objection of Prescription**

Although not assigned as error, we will address the defendant's peremptory exception raising the objection of prescription.[8] The plaintiff's delictual action is subject to a prescriptive period of one year. See La. C.C. art. 3492; Mulkey v. Century Indemnity Company, 2018-1551 (La. App 1 Cir. 8/7/19), 281 So.3d 717, 721, writs denied, 2019-01534, 2019-01576 (La. 11/25/19), 283 So.3d 495, 2019 WL 6523175. The party urging prescription ordinarily bears the burden of proving prescription, unless the petition is prescribed on its face, in which case the burden shifts to the plaintiff. Bailey v. Loewe, 2019-1201 (La. App. 1 Cir. 7/23/20), 309 So.3d 355, 360, writ denied, 2020-01146 (La. 11/18/20), 304 So.3d 418.

In this case, the plaintiff argues that his claim against the defendant for abuse of process accrued when he discovered that the defendant's claim against the Tangipahoa Parish School Board in his federal suit in the Eastern District of Louisiana was dismissed on a finding of judicial estoppel on September 13, 2017. The plaintiff filed his petition for damages against the defendant in this case on August 30, 2018. Clearly the plaintiff's action was not prescribed on the face of the

---

[7] We note that our ruling finding that the trial court erred in granting the defendant's peremptory exception raising the objection of no right of action does not preclude him from refiling the exception and producing the required evidence.

[8] Although not assigned as error, both parties presented arguments in their briefs regarding the defendant's objection of prescription, and the defendant asserted as error the trial court's denial of the exception of prescription in his answer to appeal. We note that La. C.C.P. art. 2129 states that assignments of error are not necessary in any appeal. Under La. C.C.P. arts. 2129 and 2164, together with Uniform Rules of Louisiana Courts of Appeal, Rule 1-3, we have authority to consider the matters before us even though there are no specific assignments of error regarding the judgment denying the defendant's objection of prescription. See Greenfield v. Lykes Bros. S.S. Co., 2002-1377 (La. App. 1 Cir. 5/9/03), 848 So.2d 30, 32 n.2. Therefore, we will address the objection of prescription.

8

petition. Therefore, the defendant had the burden to prove that the plaintiff's claim was prescribed. The record reveals that neither party introduced evidence at the hearing related to the defendant's peremptory exception raising the objection of prescription. When, as in this case, no evidence is introduced at the hearing to support or controvert the exception of prescription, the exception must be decided on the facts pled in the petition, which are accepted as true, and the judgment is reviewed simply to determine whether the trial court's decision was legally correct. See Stolzle v. Clayton, 2018-1641 (La. App. 1 Cir. 7/11/19), 280 So.3d 1240, 1242, writ denied, 2019-01745 (La. 1/14/20), 291 So.3d 679.

The defendant failed to offer any evidence demonstrating that the plaintiff's cause of action prescribed or that the plaintiff reasonably knew of the action more than one year prior to filing his petition for damages against the defendant. See Gibson v. Jalou Cash's, LLC, 2019-1308 (La. App. 1 Cir. 7/17/20) 308 So.3d 1188, 1193. There simply is no evidence in the record that controverts the exception of prescription. See Stolzle, 280 So.3d at 1242. Therefore, the trial court properly denied the defendant's peremptory exception raising the objection of prescription.[9]

Accordingly, upon *de novo* review, we find that the defendant failed to meet his burden of proving that the plaintiff has no right to bring any action against him. Therefore, we find the trial court erred in sustaining the defendant's peremptory exception raising the objection of no right of action. See Grubbs, 274 So.3d at 850. We further find that the trial court properly denied the defendant's peremptory exception raising the objection of prescription.

---

[9] We note that our ruling finding that the trial court properly denied the defendant's peremptory exception raising the objection of prescription does not preclude him from refiling the exception of prescription.

# CONCLUSION

For the reasons assigned, we reverse and remand the portion of the trial court's judgment sustaining the peremptory exception raising the objection of no right of action in favor of the defendant, Ronald Bias, and dismissing the claims of the plaintiff, Carl Foster, with prejudice. We affirm the portion of the trial court's judgment denying the peremptory exception raising the objection of prescription. The defendant's answer to appeal is denied. Costs of the appeal are assessed equally between the parties.

**REVERSED AND REMANDED IN PART; AFFIRMED IN PART. ANSWER TO APPEAL DENIED.**