STATE OF LOUISIANA DEPARTMENT OF
CHILDREN AND FAMILY SERVICES O/B/O
AMARI AND ARMAD TASSIN MINOR
CHILDREN OF DELISA TASSIN

VERSUS

BERNARD TASSIN

NO. 22-CA-350

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 53,418, DIVISION "A"
HONORABLE VERCELL FIFFIE, JUDGE PRESIDING

February 27, 2023

**HANS J. LILJEBERG**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Hans J. Liljeberg

**REVERSED AND REMANDED**
    **HJL**
    **SMC**
    **FHW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
STATE OF LOUISIANA, DEPARTMENT OF CHILDREN AND FAMILY
SERVICES (DCFS), ON BEHALF OF AMARI AND ARMAD TASSIN
    Kim Ancona Laborde

**LILJEBERG, J.**

Plaintiff, the State of Louisiana, Department of Children and Family Services ("DCFS"), appeals the trial court's May 26, 2022 judgment, denying its rule for child support and medical support filed against defendant, Bernard Tassin, III. For the following reasons, we reverse the trial court's judgment and remand for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

Delisa Tassin and defendant, Bernard Tassin, III, are the parents of two minor children. Although they are married, the parties live separately and the children reside with Mrs. Tassin. According to DCFS, Mrs. Tassin applied for child support services with DCFS in December of 2021. On February 3, 2022, DCFS initiated this lawsuit by filing a Rule to Show Cause on behalf of the minor children seeking an order of child support and medical support against Mr. Tassin, pursuant to La. R.S. 46:236, *et seq.*

On April 14, 2022, the parties appeared before the trial court for a hearing. At the hearing, Mrs. Tassin testified that she and Mr. Tassin have two children, ages 15 and 11. Mrs. Tassin stated that she has received some support payments from Mr. Tassin, totaling approximately $1,200, since DCFS filed for child support in February of 2022. She also indicated that Mr. Tassin has provided medical insurance for the minor children. However, Mrs. Tassin asked the trial court to establish a specific amount of child support that Mr. Tassin must pay. Mrs. Tassin testified that she was recently hired by the Louisiana Department of Motor Vehicles and works 40 hours per week at $12.11 per hour.

Mr. Tassin testified that he and Mrs. Tassin are still married but do not live together. He stated that they have been living separately since August of 2021, and the children live with Mrs. Tassin. He indicated that he is employed by UPS, earns $39.69 per hour, and works 40 or more hours per week. Mr. Tassin stated that he

provides medical insurance for the children through his employment, which does not involve any cost to him personally. He agreed that there is a discrepancy between the monthly income reflected on his UPS pay stub and the income reflected on a Louisiana Workforce Commission ("LWC") document. He stated that the discrepancy was due to overtime hours which are not guaranteed.

DCFS informed the court that it calculated Mr. Tassin's recommended child support obligation using both his income as reflected on his pay stub and his income as reflected on the LWC document. Based on Mr. Tassin's pay stub, the recommended amount of child support, pursuant to the child support guidelines set forth in La. R.S. 9:315, *et seq.*, is $1,356.18 per month, and the amount based on the LWC document is $1,450.10 per month. Mr. Tassin testified that he is not in agreement with paying either amount of child support, stating that it is "not feasible" due to his other expenses, including a house note and insurance.

At the conclusion of the hearing, the trial court questioned whether the law allows an order of child support when the parties are married and have not filed for divorce. The court left the matter open and allowed DCFS ten days to submit a memorandum on this issue. On April 27, 2022, DCFS submitted its memorandum, and the matter was taken under advisement.

On May 26, 2022, the trial court rendered a judgment denying the rule for child support and medical support. The trial court found that it did not have authority to order Mr. Tassin to pay child support, because the parties were still married and no divorce proceedings were pending. DCFS appeals this judgment.

## LAW AND DISCUSSION

On appeal, DCFS argues that the trial court erred by denying the rule for child support and medical support on the grounds that the parties were still married and had not filed for divorce. It contends that there is no requirement under the

law that a divorce must be pending in order for a custodial parent to receive child support from a non-custodial parent. We agree.

La. C.C. art. 224 provides that parents are obligated to support, maintain, and educate their children. *Kendrick v. Estate of Barre*, 21-993 (La. 3/25/22), 339 So.3d 615, 617; *Dubroc v. Dubroc*, 388 So.2d 377, 379 (La. 1980). A parent's legal duty to support his minor children cannot be permanently renounced or suspended. *St. Cyr v. St. Cyr*, 16-896 (La. App. 1 Cir. 2/21/17), 215 So.3d 283, 285, *writ denied*, 17-511 (La. 3/31/17), 217 So.3d 357; *Dubroc*, 388 So.2d at 380. The public policy underpinning a parent's duty of support is to ensure, both for the sake of the child and for the sake of the general public, which may otherwise provide for the child's support, that each child receives sufficient support for his maintenance and upbringing. *Johnson v. Johnson*, 14-564 (La. App. 1 Cir. 12/23/14), 168 So.3d 641, 645; *Vogler v. Ayres*, 54,734 (La. App. 2 Cir. 8/17/22), 345 So.3d 1184, 1189; *St. Cyr*, 215 So.3d at 285.

La. R.S. 46:236.1.2(D)(1) provides, in pertinent part:

> *The department*, except when it is not in the best interest of the child, *may without the necessity of* written assignment, subrogation, tutorship proceedings, or *divorce proceedings take direct civil action*, including actions to establish filiation against an alleged biological parent notwithstanding the existence of a legal presumption that another person is the parent of the child solely for the purpose of fulfilling its responsibility under this Section, in any court of competent jurisdiction, *to obtain an order, judgment, or agreement of support against the responsible person in any case in which the department is providing services under this Subpart*.
> ****
>
> A separate and distinct cause of action in favor of the department is hereby created, and suits brought under this provision need not be ancillary to or dependent upon any other legal proceeding.
>
> [Emphasis added.]

According to DCFS, Mrs. Tassin, who is the custodial parent, is receiving child support services from DCFS. La. R.S. 46:236.1.2(D)(1) provides DCFS with a separate and distinct cause of action to obtain an order of child support against a non-custodial parent in any case in which DCFS is providing services. It further provides that this cause of action does not require the institution of divorce proceedings.

In a similar case, *Department of Children and Family Support v. Jones*, 53,131 (La. App. 2 Cir. 11/20/19), 285 So.3d 1163, DCFS filed a rule to reinstate child support against the father of three children, where the mother applied for and was receiving child support services from DCFS. At the time, the mother and father were legally married but living separately. The trial court denied DCFS's rule to reinstate child support on the grounds that the parties were legally married and had not filed for divorce. *Id.* at 1165. On appeal, the Second Circuit reversed the trial court's judgment, noting that La. R.S. 46:236.1.2(D)(1) gives DCFS a separate cause of action to obtain or modify child support orders from a non-custodial parent when DCFS is providing services, and that this cause of action does not require the institution of divorce proceedings. *Id.* at 1167.

In its May 26, 2022 judgment denying DCFS's rule for child support, the trial court cited La. C.C. art. 141, which provides that in a divorce proceeding or thereafter, the court may order either or both parents to provide support for a child based on the needs of the child and the ability of the parents to provide support. While we agree that La. C.C. art. 141 authorizes courts to make child support awards in connection with divorce proceedings, it does not provide that child support may only be awarded when a divorce action has been initiated. Article

141, 1993 Revision Comment (i), specifically states that La. C.C. art. 141 "is not intended to restrict the availability of child support orders to divorce actions."[1]

Considering the duty of parents to support their children, the facts of this case, and the language of La. R.S. 46:236.1.2(D)(1) specifically indicating that DCFS may take action to obtain an order of support without the necessity of divorce proceedings, we find that the trial court erred by denying DCFS's rule for child support and medical support. Accordingly, we reverse the trial court's judgment and remand for the trial court to determine the amount of child support Mr. Tassin is obligated to pay and to issue an order of child support against Mr. Tassin.

## DECREE

For the reasons stated above, we reverse the trial court's judgment denying DCFS's rule for child support and medical support and remand for the trial court to issue an order of child support against Mr. Tassin.

**REVERSED AND REMANDED**

---

[1] "While the Official Revision Comments are not the law, they may be helpful in determining legislative intent." *Tracie F. v. Francisco D.*, 15-1812 (La. 3/15/16), 188 So.3d 231, 238.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**FEBRUARY 27, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

*Curtis B. Pursell*

**CURTIS B. PURSELL**
CLERK OF COURT

# 22-CA-350

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE VERCELL FIFFIE (DISTRICT JUDGE)
VERCELL FIFFIE (APPELLANT)

HONORABLE BRIDGET A. DINVAUT
(APPELLANT)

KIM ANCONA LABORDE (APPELLANT)

**MAILED**
BERNARD TASSIN, III (APPELLEE)
148 RIVERLANDS DRIVE
LAPLACE, LA 70068