STATE OF LOUISIANA IN THE INTEREST
OF DAVARION & ALLEN JOHNSON JR.
MINOR CHILD(REN) OF DETRINA DAVIS

VERSUS

ALLEN JOHNSON SR.

NO. 22-CA-566

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 53,562, DIVISION "A"
HONORABLE VERCELL FIFFIE, JUDGE PRESIDING

May 24, 2023

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and John J. Molaison, Jr.

<u>**REVERSED AND REMANDED**</u>
    **FHW**
    **JGG**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
STATE OF LOUISIANA, O/B/O THE LOUISIANA DEPARTMENT OF
CHILDREN AND FAMILY SERVICES (DCFS)
    Kim Ancona Laborde

**WICKER, J.**

The State of Louisiana, Department of Children and Family Services ("DCFS") appeals the trial court's September 20, 2022 judgment, denying its rule for child support and medical support filed against Allen Johnson, Sr. The trial court concluded that it did not have authority to order the father to pay child support where the minor children's parents were still married and had not filed for divorce. The express language of La. R.S. 46:236.1.2(D)(1) allows DCFS to take action to obtain an order of support without the necessity of divorce proceedings. Therefore, we find the trial court erred by denying DCFS's rule for child support. Accordingly, we reverse the trial court's September 20, 2022 judgment and remand the matter to the trial court to determine the amount of child support Mr. Johnson is obligated to pay and to issue an order of child support against Mr. Johnson.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Detrina Davis and defendant Allen Johnson, Sr. are the parents of two minor children, Allen Johnson, Jr., age 15 and Devarion Johnson, age 12. Although they are married, the parties live separately, and the children reside with Ms. Davis. In May 2022, Ms. Davis applied for child support services through the DCFS. On June 3, 2022, DCFS filed the instant lawsuit by filing a Rule to Show Cause on behalf of the minor children seeking a judgment of child support and medical support[1] against Mr. Johnson. The parties appeared for a hearing on the rule to show cause on August 11, 2022.

Both Detrina Davis and Allen Johnson, Sr. testified during the August 2022 hearing and both stated that while they remain married, they do not live together. Ms. Davis testified that for seventeen years until just before April 28, 2022, she

---

[1] On June 2, 2015, pursuant to a stipulation in accordance with La. R.S. 46:236.7, it was ordered that Mr. Johnson include his two minor children as dependents for coverage under any health and dental plan that is currently available or becomes available in the future. Nevertheless, the May 2022 rule DCFS filed against Mr. Johnson seeks child support and medical support.

worked for Wal-mart, where, as reflected in her Department of Labor records, she earned roughly $1,618.00 per month. For the last couple of years, she has also operated a T-shirt business out of her home from which she earns roughly $1,500.00 to $2,000.00 per month. On April 28, 2022, Ms. Davis underwent weight reduction surgery and, as of the August 11, 2022 child support hearing, she had not been released by her doctor to return to work. She also testified that she had received no financial support for the children from Mr. Johnson since DCFS filed its June 3, 2022 rule for child support and does not receive disability benefits, or food stamps. She stated she is currently supporting the children solely from her T-shirt business profits and the children are currently medically covered by Medicaid. Ms. Davis also testified that, although she had not been released by her doctor to return to work, she had in fact attempted to return to Wal-mart unsuccessfully, as she was not at that point physically capable of doing the work. On that occasion, she testified, Wal-mart informed her she could not return to work until she had received a doctor's release.

Mr. Johnson testified that he has not had a paycheck in thirteen or fourteen years, as corroborated by his Department of Labor records, which reflect that he last was compensated via unemployment benefits in 2011 and 2012. He further testified that Ms. Davis had been paying him $100.00 every two weeks for helping with her T-shirt business and that he had filed an application for disability benefits due to high blood pressure and high sugar. However, he testified that he had not followed up on the disability application, expecting that Ms. Davis had taken care of that. While Mr. Johnson testified that he had indeed given Ms. Davis financial support for the children since June 3, 2022, he didn't know how much and had no evidence of those payments. Mr. Johnson testified that his health prevents him from working and further indicated that Ms. Davis "never told [him] to go out and work."

DCFS introduced into evidence both parents' Department of Labor records and the worksheets it used to determine Mr. Johnson's recommended child support obligation. The first worksheet used Ms. Davis's income as reflected on the LWC document and imputing a minimum wage of $7.25 per hour at 32 hours per week for Mr. Johnson. The recommended child support obligation in this scenario is $284.40 for two children. The second worksheet imputed a minimum wage of 32 hours per week for both parents given that Ms. Davis remains unemployed until she receives medical clearance. The recommended child support obligation, based on imputed incomes for both parents, is $290.28 for two children. Mr. Johnson testified that he could not afford the recommended amounts and offered to pay Ms. Davis $100 per month; however, Ms. Davis refused this amount.

At the conclusion of the hearing, the trial court questioned whether the law permits an order of child support where the parties are married and have not filed for divorce. The trial court thereafter took the matter under advisement, and on September 20, 2022 rendered judgment denying DCFS's rule for child support. The trial court determined in its written judgment that it did not have the authority to order Mr. Johnson to pay child support because the parties remained married and no divorce proceedings were pending. DCFS timely filed the instant appeal seeking review of the trial court's judgment.

### DISCUSSION

On appellate review, DCFS avers that the trial court erred by denying its rule for child support on the basis that the parties are still married and had not filed for divorce. DCFS maintains that pursuant to La. R.S. 46:236.1.2(D)(1), DCFS is authorized to pursue an order of child support on behalf of the custodial parent and against the non-custodial parent, without the necessity of divorce proceedings.

This Court has very recently addressed the same issue presented in this case. In *Dep't of Child. & Fam. Servs. v. Tassin*, 22-350 (La. App. 5 Cir. 2/27/23), -- So.3d

--, -- , 2023 WL 2236854, DCFS, as here, filed a rule for child support and medical support against the non-custodial parent of two minor children. The trial judge in this case also presided over the *Tassin* case, and there, as here, the trial judge denied the rule, concluding that the trial court has no authority to order child support where the parties are still married and no divorce proceeding is pending. In support of its finding in this case, as in *Tassin*, the trial judge cited La. C.C. art. 141, which provides that in divorce proceedings or thereafter, the court may order either or both parents to provide support for a child based on the needs of the child and the ability of the parents to provide support. In *Tassin*, on appellate review, this Court reversed the trial court's ruling. This Court held that "there is no requirement under the law that a divorce must be pending in order for a custodial parent to receive child support from a non-custodial parent." In reaching this conclusion, this Court observed the public policy behind a parent's duty of support, explaining:

> La. C.C. art. 224 provides that parents are obligated to support, maintain, and educate their children. *Kendrick v. Estate of Barre*, 21-993 (La. 3/25/22), 339 So.3d 615, 617; *Dubroc v. Dubroc*, 388 So.2d 377, 379 (La. 1980). A parent's legal duty to support his minor children cannot be permanently renounced or suspended. *St. Cyr v. St. Cyr*, 16-896 (La. App. 1 Cir. 2/21/17), 215 So.3d 283, 285, *writ denied*, 17-511 (La. 3/31/17), 217 So.3d 357; *Dubroc*, 388 So.2d at 380. The public policy underpinning a parent's duty of support is to ensure, both for the sake of the child and for the sake of the general public, which may otherwise provide for the child's support, that each child receives sufficient support for his maintenance and upbringing. *Johnson v. Johnson*, 14-564 (La. App. 1 Cir. 12/23/14), 168 So.3d 641, 645; *Vogler v. Ayres*, 54,734 (La. App. 2 Cir. 8/17/22), 345 So.3d 1184, 1189; *St. Cyr*, 215 So.3d at 285.

*Id.* at --. Additionally, this Court looked to the language of La. R.S. 46:236.1.2(D)(1) itself, which states in pertinent part:

> *The department*, except when it is not in the best interest of the child, *may without the necessity of* written assignment, subrogation, tutorship proceedings, or *divorce proceedings take direct civil action*, including actions to establish filiation against an alleged biological parent notwithstanding the existence of a legal presumption that another person is the parent of the child solely for the purpose of fulfilling its responsibility under this Section, in any court of competent jurisdiction, *to obtain an order, judgment, or agreement of support against the*

> *responsible person in any case in which the department is providing services under this Subpart.*
>
> \*\*\*\*
>
> A separate and distinct cause of action in favor of the department is hereby created, and suits brought under this provision need not be ancillary to or dependent upon any other legal proceeding.

*Id.* (emphasis added). Moreover, in *Tassin*, this Court disagreed with the trial court's interpretation of La. C.C. art. 141, in that this Court found, while the article authorizes a court to award child support in connection with a divorce proceeding, "it does *not* provide that child support may be awarded only when a divorce action has been initiated." *Tassin*, -- So.3d at --. In fact, as this Court pointed out, the official comments to La. C.C. art. 141 expressly state that the article "is not intended to restrict the availability of child support orders to divorce actions." *Id.* (citing La. C.C. art. 141, 1993 Revision Comment (i)).

Considering parents have a duty to support their children and the express language of La. R.S. 46:236.1.2(D)(1), creating a separate and distinct cause of action for DCFS to pursue support against a non-custodial parent, this Court reversed the trial court's denial of DCFS's rule for child support and medical support, in *Tassin*, and remanded the matter to the trial court for determination of the non-custodial parent's child support obligation and to issue an order of child support against him.

We find no reason based on the facts before us to deviate from this Court's ruling in *Tassin*. Ms. Davis, who is the custodial parent, applied for services from DCFS. Pursuant to La. R.S. 46:236.1.2(D)(1), DCFS has "a separate and distinct cause of action to obtain an order of child support against a non-custodial parent in any case in which DCFS is providing services" and "does not require the institution of divorce proceedings." *Tassin*, -- So.3d at --. Considering that parents have a legal duty to support their children, and the language of La. R.S. 46:236.1.2(D)(1), which expressly grants DCFS the authority to take action to obtain child support without

the necessity of divorce proceedings, we find the trial court erred in its denial of DCFS's rule for child support. Therefore, we reverse the trial court's September 20, 2022 judgment and remand the matter to the trial court to determine the amount of child support Mr. Johnson is obligated to pay and to issue an order of child support against Mr. Johnson.

## *DECREE*

For the foregoing reasons, we reverse the trial court's September 20, 2022 judgment denying DCFS's rule for child support and remand the matter to the trial court to determine the amount of child support Mr. Johnson is obligated to pay and to issue an order of child support against Mr. Johnson.

**REVERSED AND REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 24, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 22-CA-566

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE VERCELL FIFFIE (DISTRICT JUDGE)
VERCELL FIFFIE (APPELLANT)

HONORABLE BRIDGET A. DINVAUT
(APPELLANT)

KIM ANCONA LABORDE (APPELLANT)

**MAILED**
ALLEN JOHNSON, SR. (APPELLEE)
POST OFFICE BOX 964
GARYVILLE, LA 70051

DETRINA DAVIS JOHNSON (APPELLEE)
POST OFFICE BOX 965
GARYVILLE, LA 70051