STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 1329

ROBERT TALLEY

VS.

BYRON BAUM AND PRISCILLA J. BAUM

Judgment Rendered: __SEP 07 2023__

* * * * *

On Appeal from the
Eighteenth Judicial District Court
In and for the Parish of Pointe Coupee
State of Louisiana
Docket No. 50275

The Honorable Elizabeth A. Engolio, Judge Presiding

* * * * *

Robert Talley                      In Proper Person
Baton Rouge, Louisiana

Heather Crabtree                   Attorneys for Defendants/Appellees
Cy J. D'Aquila, Jr.                Byron Baum and Priscilla J. Baum
New Roads, Louisiana

* * * * *

**BEFORE: McCLENDON, HOLDRIDGE, AND GREENE, JJ.**

PMc Judge McClendon concurs for reasons assigned.

**HOLDRIDGE, J.**

The plaintiff, Robert Talley, appeals a judgment of the trial court sustaining a peremptory exception raising the objections of no right of action and prescription and dismissing the plaintiff's claims against the defendants, Byron Baum and Priscilla J. Baum, with prejudice. For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On April 19, 2021, the plaintiff filed a petition for declaratory judgment, for damages for breach of contract and unjust enrichment, for revendicatory action, for an accounting and disgorgement of sums received, and for partition.[1] The plaintiff stated in his petition that the defendants were the owners and lessors of recreational property located in Pointe Coupee Parish. The plaintiff alleged that in 1998, he "negotiated the purchase of all interests of Mrs. Daisy Holden, the [l]essee of the ... property," who had leased the property for decades. Mrs. Holden had previously leased the property from the owner/lessor, Mrs. Verna Jarreau. Mrs. Holden and Mrs. Jarreau allegedly had an oral agreement for a month-to-month lease of the property for monthly rental payments in the amount of $200.00.

The plaintiff confirmed with Mrs. Jarreau that the monthly lease payment of $200.00 "would continue for as long as [the] [p]laintiff possessed the ... property[.]" In 2000, the plaintiff was notified that Mrs. Jarreau had died and that her daughter, Priscilla Baum, succeeded her mother's interest in the property. Mrs. Baum instructed the plaintiff to send the monthly payment to her post office box in New Roads, Louisiana.

In April of 2005, the plaintiff received notice from Mrs. Baum informing him that the monthly lease payment would be increased. The plaintiff wrote a letter to

---

[1] The plaintiff also filed a notice of lis pendens on April 19, 2021 for the property at issue.

Mrs. Baum stating that he had a prior lease agreement with her mother for a fixed monthly lease payment of $200.00, which Mrs. Baum accepted for approximately six years. In February of 2011, the plaintiff received a certified letter from Mrs. Baum's attorney advising him that the monthly lease amount would be increased to $500.00 effective April 1, 2011. The letter further informed the plaintiff that if he chose not to continue leasing the property at the increased rental value, the letter would serve as notice of termination of the lease effective March 31, 2011.

On March 30, 2011, in response to the letter sent by Mrs. Baum's attorney, the plaintiff sent Mrs. Baum the fixed monthly lease payment amount of $200.00, along with a copy of his letter sent to her in 2005. On April 12, 2011, Mrs. Baum's attorney sent the plaintiff a certified letter stating that the plaintiff's $200.00 check was being returned and advising him that the lease terminated on March 31, 2011. On April 29, 2011, Mrs. Baum's attorney sent the plaintiff another letter that advised him again that the lease terminated on March 31, 2011 and that the plaintiff had until May 3, 2011 to vacate the property. The property was leased to a third party in July of 2011.

In response to the plaintiff's petition, the defendants filed a peremptory exception raising the objections of prescription and no right of action.[2] The defendants argued that the action giving rise to the damages alleged by the plaintiff occurred more than ten year prior to the filing of the plaintiff's petition, therefore his claim was prescribed. Specifically, the defendants argued that the prescriptive period for the plaintiff's breach of contract claim began on February 14, 2011, when the plaintiff received a certified letter from the defendants' attorney that the

---

[2] The defendants attached as exhibits several documents to their memorandum in support of the peremptory exception raising the objections of prescription and no right of action, which included: the February 11, 2011 certified letter to the plaintiff, the April 12, 2011 certified letter to the plaintiff, and the plaintiff's $200.00 check dated March 30, 2011 that was returned to him.

3

defendants were terminating his lease effective March 31, 2011. Therefore, the defendants argued that the plaintiff's claims for breach of contract and other causes of action filed on April 19, 2021 were prescribed. The defendants further argued that the plaintiff did not have a right of action to bring a petition for a declaratory judgment, partition, or revendicatory action because the plaintiff was a precarious possessor of the property, and he did not have a title or written document evidencing ownership rights in the property.

The plaintiff opposed the defendants' peremptory exception raising the objections of prescription and no right of action.[3] The plaintiff argued that in order for the defendants to terminate the parties' lease agreement, it was necessary for the defendants to obtain the plaintiff's consent or file suit against him under La. C.C.P. art. 4731 and prove that he violated the parties' lease agreement. The plaintiff further argued that the defendants' attorney sent him a letter on April 29, 2011, returning his monthly lease payment, as well as advising him that he would need to pay the new higher lease amount or that a formal eviction proceeding would be instituted if he did not vacate the property by May 3, 2011. The plaintiff stated that following the May 3, 2011 deadline, he never received notice of a formal eviction proceeding from the defendants. The plaintiff alleged that sometime after May 3, 2011, the defendants entered the property and re-leased it to a third party. The plaintiff argued that the April 29, 2011 letter from the defendants established that the defendants breach of contract could not have occurred prior to May 3, 2011. Therefore, the plaintiff argued that the defendants' peremptory exception raising the objection of prescription should be denied because he timely filed his petition for damages within the ten-year prescriptive period for a breach of contract claim.

---

[3] The plaintiff attached several exhibits to his opposition memorandum, including, but not limited to the plaintiff's May 31, 2005 and March 30, 2011 letters to Priscilla Baum, and the defendants' letters to the plaintiff dated April 12, 2011 and April 29, 2011.

4

The plaintiff further argued that the defendants' peremptory exception raising the objection of no right of action should be denied because it was a partial exception of no right of action. The plaintiff stated that his petition argued the following claims: (1) breach of contract; (2) declaratory judgment; (3) revendicatory action; and (4) partition of property. However, the defendants' peremptory exception raising the objection no right of action only addressed the plaintiff's declaratory judgment and revendicatory action claims.

The defendants filed a reply memorandum addressing the plaintiff's claims made in his opposition memorandum. The defendants argued that the prescriptive period for the plaintiff's breach of contract claim began on February 14, 2011, the day that he received notice that his lease was terminating. The defendants further argued that it was irrelevant that the defendants gave the plaintiff until May 3, 2011 to remove his personal belongings from the property. The defendants argued that if the trial court sustained their peremptory exception raising the objection of prescription as to the breach of contract claim, this would dismiss all of the plaintiff's claims, leaving him with no right of action as a matter of law.

On June 21, 2022, the trial court held a hearing[4] on the defendants' exceptions. According to the minute entry for the June 21, 2022 hearing, evidence was introduced at the hearing on the defendants' peremptory exception raising the objections of no right of action and prescription. The evidence included: (1) the February 11, 2011 letter from Mrs. Baum's attorney to the plaintiff; (2) the plaintiff's May 31, 2005 letter and check to Mrs. Baum; (3) the plaintiff's March 30, 2011 letter and checks to Mrs. Baum; and (4) the April 29, 2011 and April 12, 2011 letters from

---

[4] We note that the transcript of the hearing is not in the record before us. It is not clear whether a transcript of the hearing exists.

5

Mrs. Baum's attorney to the plaintiff and the plaintiff's returned check.[5] (See exhibit A, P-1, P-2, P-3)

After hearing arguments from the parties, the trial court sustained the defendants' exceptions and dismissed the plaintiff's claims with prejudice. The trial court signed a judgment on July 7, 2022. Subsequently, the plaintiff appealed the trial court judgment.

## APPLICABLE LAW AND ANALYSIS

### Objection of Prescription

The objection of prescription may be raised by a peremptory exception. La. C.C.P. art. 927(A)(1). Ordinarily, a party urging an exception of prescription bears the burden of proving that the prescriptive period has elapsed. However, if the petition shows that it is prescribed on its face, then the burden shifts to the plaintiff to prove that the prescriptive period has not elapsed. See Templet v. State through Department of Public Safety and Corrections, 2019-0037 (La. App. 1 Cir. 11/15/19), 290 So.3d 187, 191. A de novo standard of review applies. Wells Fargo Financial Louisiana, Inc. v. Galloway, 2017-0413 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 800.

After reviewing the plaintiff's petition, the facts alleged by the plaintiff show that he filed a petition for declaratory judgment, for damages for breach of contract and unjust enrichment, for revendicatory action, for an accounting and disgorgement of sums received, and for partition. Of these causes of action, breach of contract has a prescriptive period of ten years. See La. C.C. art. 3499 (A personal action, such as a claim for a breach of contract, is a personal action subject to a liberative prescription of ten years); Division of Administration, Office of Community

_____

[5] We note that although the minute entry from the June 21, 2022 hearing does not indicate what specific evidence was introduced, the exhibits contain a date stamp of "June 21, 2022" from the Clerk of Court.

6

Development - Disaster Recovery Unit v. Stewart, 2022-0574 (La. App. 1 Cir. 12/15/22), 357 So.3d 407, 410 n.2.

Based on the record before us, we are unable to determine whether this case is prescribed on the face of the plaintiff's petition. Therefore, the defendants have the burden of proving that the plaintiff's claim was prescribed. See Cook v. Rigby, 2019-1475 (La. App. 1 Cir. 11/25/20), 316 So.3d 482, 485, writ denied, 2020-01493 (La. 3/9/21) 312 So.3d 588. From the pleadings, we are unable to determine if the lease agreement and the plaintiff's right of occupancy ended on March 31, 2011, April 12, 2011, April 29, 2011, or May 3, 2011. An issue remains as to whether the defendants had the ability to increase the monthly rental rate. Furthermore, the termination date of the lease agreement is uncertain due to the fact that a formal eviction proceeding was not filed by the defendants. A formal eviction hearing was not conducted in accordance with La. C.C.P. arts. 4731 and 4732.

Even taking into consideration all of the evidence submitted at the June 21, 2022 hearing, the defendants still did not carry their burden of proving that the plaintiff's claim was prescribed. The pleadings and documents submitted into evidence show that there was a lease agreement between the plaintiff and Mrs. Jarreau. No evidence was introduced as to the plaintiff's right of occupancy. Furthermore, the plaintiff was not formally evicted.[6]

---

[6] Louisiana Code of Civil Procedure article 4731(A) provides:

> If the lessee or occupant fails to comply with the notice to vacate required under this Title, or if the lessee has waived his right to notice to vacate by written waiver contained in the lease, and has lost his right of occupancy for any reason, the lessor or owner, or agent thereof, may cause the lessee or occupant to be cited summarily by a court of competent jurisdiction to show cause why he should not be ordered to deliver possession of the premises to the lessor or owner. The rule to show cause shall state the grounds upon which eviction is sought.

Louisiana Code of Civil Procedure article 4732(B) provides:

7

Accordingly, we reverse the trial court's July 7, 2022 judgment sustaining the defendants' peremptory exception raising the objection of prescription because the record does not contain sufficient evidence submitted by the defendants to carry their burden of proving that the plaintiff's claim was prescribed.

## Objection of No Right of Action

The plaintiff argues that the trial court erred in granting the defendants' peremptory exception raising the objection of no right of action. The function of an objection of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted. Eagle Pipe and Supply, Inc. v. Amerada Hess Corporation, 2010-2267, 2010-2272, 2010-2275, 2010-2279, 2010-2289 (La. 10/25/11), 79 So.3d 246, 255. The objection assumes that the cause of action asserted is valid and tests whether the plaintiff has an interest in judicially enforcing it. The question is simply whether the plaintiff has a right to sue the defendant to enforce the claim. St. Cyr v. St. Cyr, 2016-0896 (La. App. 1 Cir. 2/21/17), 215 So.3d 283, 285, writ denied, 2017-0511 (La. 3/31/17), 217 So.3d 357.

The party raising the objection of no right of action bears the burden of proof. St. Cyr, 215 So.3d at 285. At the hearing, the objection of no right of action may be submitted on the pleadings, or evidence may be introduced either in support of or to controvert the objection raised when the grounds thereof do not appear from the petition. See La. C.C.P. art. 931; Eagle Pipe and Supply, Inc., 79 So.3d at 255. The standard of appellate review for the peremptory exception raising the objection of

If the court finds the lessor or owner entitled to the relief sought, or if the lessee or occupant fails to answer or to appear at the trial, the court shall render immediately a judgment of eviction ordering the lessee or occupant to deliver possession of the premises to the lessor or owner. The judgment of eviction shall be effective for not less than ninety days.

8

no right of action is *de novo*. St. Cyr, 215 So.3d at 285. "An appellate court considering an exception of no right of action should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person." Rebel Distributors Corp., Inc. v. LUBA Workers' Comp., 2013-0749 (La. 10/15/13), 144 So.3d 825, 833.

We must determine whether the plaintiff is a proper party plaintiff in this case. In reviewing the plaintiff's petition for damages, one of his claims is that he sustained damages from the defendants' "bad faith willful and deliberate breach of the bilateral contract between the parties by entering upon the subject property extra-judicially without instituting [a] 'formal eviction' proceeding[.]" The pleadings and documents introduced into evidence show that the parties had a lease agreement[7] and that the defendants attempted to terminate the plaintiff's possession of the leased premises without obtaining a judgment of eviction. Louisiana jurisprudence holds that when a lessor takes the law in his hands by unlawfully dispossessing a tenant, he commits a trespass and is liable for general damages. Duhon v. Briley, 2012-1137, 2012-1138 (La. App. 4 Cir. 5/23/13), 117 So.3d 253, 260 quoting Fo-Coin v. Drury, 349 So.2d 382, 384 (La. App. 4 Cir. 1977). Therefore, the plaintiff, as the dispossessed tenant, is the only party that has the right to bring a claim for damages against the defendants for breach of contract. Although the plaintiff asserts multiple claims in his petition for damages against the defendants, we note that he may only have a viable claim for breach of contract against the defendants.[8]

---

[7] The law provides that the form of a lease may be oral or written. La. C.C. art. 2681.

[8] It appears that the plaintiff's remaining claims against the defendants may be moot or prescribed, as he is no longer in possession of the property at issue and does not have title to the property. See La. C.C. art. 526; La. C.C.P. art. 3653-54.

9

Accordingly, after a *de novo* review, we find that the defendants failed to meet their burden of proof in this matter, as it appears that the plaintiff is a proper party plaintiff to bring a claim for breach of contract. See Poule D'Eau Properties, L.L.C. v. TLC Properties, Inc., 2018-1400 (La. App. 1 Cir. 6/16/20), 2020 WL 3249294, at *4 (unpublished). Therefore, we find that the trial court erred in sustaining the defendants' peremptory exception raising the objection of no right of action.[9]

## CONCLUSION

For the reasons assigned, we reverse the July 7, 2022 judgment and remand this case to the trial court. Costs are assessed to the defendants, Byron Baum and Priscilla J. Baum.

**REVERSED AND REMANDED.**

---

[9] We note that our decision does not preclude the defendants from refiling the peremptory exception raising the objections of no right of action and prescription.

Having found this appeal to have merit, we need not address appellees' request for sanctions for the filing of a frivolous appeal. Further, we note that appellees did not file an answer seeking any relief with the court.

10

ROBERT TALLEY

VERSUS

BYRON BAUM AND PRISCILLA J. BAUM

*****************************************************

**McClendon, J., concurs.**

If a plaintiff has a right of action as to any one of the theories or demands for relief set out in his petition, the objection of no right of action should be overruled. **State, by & through Caldwell v. Astra Zeneca AB**, 2016-1073 (La. App. 1st Cir. 4/11/18), 249 So.3d 38, 43, writ denied, 2018-00766 (La. 9/21/18), 252 So.3d 899, and writ denied sub nom. **State by & through Caldwell v. AstraZeneca AB**, 2018-0758 (La. 9/21/18), 252 So.3d 904; **St. George Pro. Firefighters Association Local 4524 v. St. George Fire Protection District No. 2**, 2022-0515 (La. App. 1st Cir. 11/4/22), 355 So.3d 40, 45. Where the plaintiff pleads multiple theories of recovery based on a single occurrence or set of operative facts, the partial grant of an exception of no right of action, which attacks only one theory of recovery and which does not dismiss a party, would be invalid as an impermissible partial judgment. **Astra Zeneca AB**, 249 So.3d at 43.

As the majority correctly concludes, plaintiff is a proper party to bring a claim for breach of contract. Therefore, regardless of whether plaintiff has a right of action to bring any of his remaining claims, the trial court erred in sustaining defendants' exception raising the objection of no right of action. See **Astra Zeneca AB**, 249 So.3d at 46. Accordingly, I agree with the result reached by the majority.